513 P.2d 404

**Donald F. SHIELDS, Claimant-Respondent,**

v.

**WYETH LABORATORIES, INC., Employer, and Liberty Mutual Insurance Company, Surety, Defendants-Appellants.**

No. 11263.

Supreme Court of Idaho.

Aug. 24, 1973.

Dale G. Higer, of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendants-appellants.

Craig Meadows of Hawley, Troxell, Ennis & Hawley, Boise, for claimant-respondent.

BAKES, Justice.

This is an appeal from a decision of the Industrial Commission of the State of Idaho, wherein the Commission granted permanent total disability compensation to respondent Donald J. Shields and denied appellants Wyeth Laboratories and Liberty Mutual Insurance Company the right to have credited the amount of the third party settlement against the award in lieu of their subrogation rights under I.C. § 72–204.

The facts giving rise to this appeal are as follows: On November 21, 1969, respondent Shields was severely injured during the course of his employment with appellant Wyeth Laboratories. Respondent's employment and accident were covered by the Idaho Workmen's Compensation laws. At the time of the accident, appellant Liberty Mutual Insurance Company was the surety for Wyeth Laboratories. A claim was filed with the Industrial Commission on November 26, 1969. On August 26, 1970, Shields settled a third party claim against Union Pacific Railroad and Pacific Fruit Express Company for injuries sustained in the accident. The amount of the settlement was $43,500.00; however, after deducting out-of-pocket expenses, attorney fees and reimbursing appellant Liberty Mutual for temporary disability benefits and medical expenses voluntarily paid to Shields by Liberty Mutual, Shields received a net settlement of $31,000.00. Subsequent to August 26, 1970, Shields received no voluntary disability benefits from Liberty Mutual, and on August 6, 1971, he petitioned the Industrial Commission requesting that a time and place be set for a hearing. At the hearing held on May 24, 1972, the only issue of fact to be tried by the Commission was the amount of disability Shields sustained as a result of the November 12, 1969, accident. Upon the conclusion of the hearing, the Commission decided that Shields was entitled to permanent total disability compensation and that Wyeth Laboratories and Liberty Mutual were not subrogated to Shields' net settlement recovery of $31,000.

Appellants did not appeal the finding of total disability compensation, but have appealed the finding by the Commission that

they were not subrogated to Shields' net settlement recovery of $31,000.00 or entitled to a credit in the amount of the settlement.

The sole issue presented on this appeal is whether under I.C. § 72–204 (old Workmen's Compensation Law), an employer or surety is entitled to a setoff or credit against an award in lieu of subrogation where a third party claim was settled by the claimant before a claim and award for workmen's compensation was made. I.C. § 72–204, in effect at the time of the accident on November 2, 1969, and at the date of settlement on August 26, 1970, provided as follows:

"72–204. *Liability of Third Persons.*— When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

A literal reading of I.C. § 72–204 indicates that an injured workman was forced to make an election between proceeding in the courts against the third person responsible for his injury or proceeding in the Industrial Commission for benefits under the workmen's compensation statutes.[1] However, in Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054 (1940), in order to reach the re-

sult of protecting the workman which the legislature intended, this Court held that the statute did not force an election of remedies and held that the children of a deceased workman, after accepting workmen's compensation benefits for the death of their father, could proceed at law against the third party whose negligence caused the death. The Court reasoned that construing the statute as an election statute would be contrary to the intent of the legislature since, as a practical matter, the employer might not diligently prosecute a suit on behalf of the injured employee beyond receiving the amount necessary to cover the employer's claim.

However desirable the result in the Lebak case, *supra,* the holding creates the problem of whether the legislature intended to allow an employer to be subrogated to a third party claim by way of a credit where an injured employee quickly settles a third party claim before filing for a workmen's compensation award. This question, which is dispositive in the instant case, would not have arisen without the *Lebak* decision since an injured employee's settlement of his third party claim would have constituted an election to proceed at law instead of under the workmen's compensation laws. Respondent urges the Court to allow Shields a "double recovery" by a very literal reading of that portion of I.C. § 72–204 which provides that a *claim* and *award* must be made before subrogation will be allowed, and argues that if a third party settlement is effected before compensation is awarded under the statute, there is no right to subrogation. We cannot attribute such an intent to the legislature but, to the contrary, an intent to avoid a double recovery. Larson, in his treatise on Workmen's Compensation, Vol. 2, § 71.-20, states:

"It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation

[1]. Larson, in his work on Workmen's Compensation, cites Idaho as being a state wherein the injured employee is required to make an election between his compensation claim and his common law third party suit. 2 Larson § 73.10.

award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess. This is fair to everyone concerned; the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone."

Larson continues stating:

"It is true that in many jurisdictions the employee may collect both compensation and damages, as against the defendant's objection of double recovery, since double recovery is prevented by the employee's obligation to pay over the amount of compensation to the employer or insurer. But it is not true in any jurisdiction having a third-party statute that the employee may keep both recoveries."

We can find nothing in the Idaho Workmen's Compensation Laws in effect at the time this suit was brought to indicate that the legislature contemplated allowing an injured workman a "double recovery" in situations where a third party was liable to pay for the damages sustained by the injured workman and a settlement was effected before a compensation award was made. In fact, a literal reading of the statute (I.C. § 72–204), untempered by our holding in Lebak, *supra,* can only indicate that the legislature expressly intended to disallow "double recoveries" since the employee was required to make an election of remedies. Appellants Wyeth Laboratories and Liberty Mutual Insurance Company were entitled to be subrogated to the third party settlement Shields obtained and should be allowed a credit against their obligation to Shields in the amount of the settlement.

Reversed with directions to allow appellants a "credit" against the award in the amount of the net third party settlement received by Shields.

Costs to appellant.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.