934 P.2d 17

**Carl BLOCHING, Plaintiff–Appellant,**

v.

**ALBERTSON'S, INC., a Delaware Corporation, and John Doe, an individual, Defendant–Respondent.**

**No. 22858.**

Supreme Court of Idaho,
Boise, February 1997 Term.

March 13, 1997.

Bob E. Pangburn, Boise, for plaintiff–appellant.

Brady, Lerma, Ctd., Boise, for defendant–respondent. Michael G. Brady, argued.

TROUT, Chief Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Carl Bloching (Bloching) filed a negligence action against Albertson's, Inc. He alleged that a pharmacist for Albertson's offered a beef-pork insulin blend as a substitute for Bloching's prescription of beef insulin and that this substitution caused Bloching to experience hypoglycemic seizures, resulting in permanent injuries. The district court granted summary judgment in favor of Albertson's, and Bloching appealed. We affirm the district court's order granting summary judgment.

In February 1992, Bloching's girlfriend, Sheila Dutey (Dutey), had gone to Albertson's in Payette, Idaho to purchase a new supply of beef insulin for Bloching. The pharmacist apparently told Dutey that the pharmacy was out of beef insulin and that a blend of beef and pork insulin was a direct substitute for beef insulin. Dutey telephoned Bloching at home to ask whether she should buy the beef-pork blend. While Bloching was on the telephone with Dutey, he heard the pharmacist tell her that the blend was a direct substitute for Bloching's prescription. Based upon that representation, Bloching told Dutey to purchase the beef-pork insulin blend.

Immediately after Bloching began using the insulin blend, he suffered a seizure. Bloching previously had suffered approximately one seizure every four to six weeks because of hypoglycemic reactions to insulin. After using the beef-pork insulin blend, however, Bloching suffered seizures that were considerably more violent on approximately a daily basis. Bloching discontinued using the insulin blend after one week but, nonetheless, continued to experience violent seizures.

Bloching filed suit against Albertson's, maintaining that it was responsible for these seizures, even those occurring after he had discontinued use of the insulin blend. Albertson's filed a motion for summary judgment, which was supported by a doctor's affidavit, as well as a deposition of Bloching's treating physician. Although the physician indicated in his deposition that it was possible that Bloching's switch to the insulin blend caused permanent injury, both doctors concurred that, within a reasonable degree of medical probability, the beef-pork insulin

blend had absolutely nothing to do with Bloching's seizures.

Bloching's only support for his position opposing Albertson's motion was his treating physician's statement regarding a possible causal link between Bloching's seizures and the insulin blend and Bloching's own testimony and answers to interrogatories. His testimony and interrogatory answers indicated that he had suffered from occasional seizures until he took the insulin blend, he started having almost daily seizures after he took the insulin blend, and he continued to have almost daily seizures even after he stopped taking that particular insulin. Nonetheless, the district court concluded that there were not sufficient admissible facts in the record to demonstrate a genuine dispute regarding the proximate cause of Bloching's alleged injuries and, consequently, granted summary judgment in favor of Albertson's.

## II.

## DISCUSSION

### A. Standard Of Review

■ This Court's review of a district court's ruling on a motion for summary judgment is the same as that required of the district court when ruling on the motion. *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 887 P.2d 29 (1994). Pursuant to I.R.C.P. 56(c), summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). As when the motion initially is considered by the district court, this Court, on review, liberally construes the record in the light most favorable to the party opposing the motion and draws all reasonable inferences and conclusions in that party's favor. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 869 P.2d 1365 (1994). If we determine that reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Id.* at 272, 869 P.2d at 1367. However, if the evidence reveals no disputed issues of material

fact, only a question of law remains, and we exercise free review. *Id.* at 272, 869 P.2d at 1367.

### B. Absence Of Material Issues Of Fact

■ In order for a court to consider affidavits, whether offered in support of or in opposition to a motion for summary judgment, the affidavits must be admissible under the Idaho Rules of Evidence. I.R.C.P. 56(e). Under I.R.E. 701 and 702, a court has discretion to determine whether to allow a lay witness to express an opinion relating to causation. However, we clearly said in *Evans v. Twin Falls County*, 118 Idaho 210, 796 P.2d 87 (1990), *cert. denied,* 498 U.S. 1086, 111 S.Ct. 960, 112 L.Ed.2d 1048 (1991), that a court should disregard lay opinion testimony relating to the cause of a medical condition, as a lay witness is not competent to testify to such matters. *Id.* at 213, 796 P.2d at 90. Therefore, such testimony is inadmissible for purposes of summary judgment. *See Flowerdew v. Warner*, 90 Idaho 164, 409 P.2d 110 (1965).

■ We have determined that the district court correctly disregarded Bloching's testimony. According to our opinions in *Evans* and *Flowerdew*, a lay person is not qualified to give an opinion about a medical diagnosis and, thus, Bloching's testimony could not be considered for purposes of summary judgment. Furthermore, we do not consider his testimony to be opinion testimony relating to causation because Bloching simply testified to the nature and extent of the seizures from which he suffered after taking the Albertson's insulin, not to the cause of the seizures.

■ We also believe that the district court was correct when it determined that the statement by Bloching's treating physician was inadmissible. Admittedly, under Bloching's attorney's questioning, the physician said that it was "possible" that the insulin blend could have caused a reaction. However, expert medical opinion testimony must be based upon a "reasonable degree of medical probability" in order to be admissible. *Roberts v. Kit Mfg. Co., Inc.*, 124 Idaho 946, 948, 866 P.2d 969, 971 (1993). A mere possibility of a causal connection does not satisfy

this standard, *Hawks v. EPI Prods. USA, Inc.*, 129 Idaho 281, 923 P.2d 988 (1996), and, thus, the physician's statement also could not be considered for purposes of summary judgment.

Based upon our determinations above, we have concluded that the record contains no credible, admissible testimony in opposition to Albertson's motion for summary judgment. Therefore, we hold that the district court was correct in granting summary judgment in favor of Albertson's.

### III.

### CONCLUSION

We affirm the district court's order granting summary judgment in favor of Albertson's. Costs on appeal to Albertson's.

JOHNSON, McDEVITT, SILAK and SCHROEDER, JJ., concur.