# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 36055

GEORGE MARTIN and MARTIN CUSTOM HOMES, LLC,

    Plaintiffs-Respondents,

v.

ED SMITH and CAMAS COUNTY, IDAHO, by and through the duly elected Board of Commissioners in their official capacity, KEN BACKSTROM, BILL DAVIS, and RON CHAPMAN,

    Defendants-Appellants,

Boise, December 2012 Term

2013 Opinion No. 18

Filed: February 1, 2013

Stephen W. Kenyon, Clerk

_____

Appeal from the district court of the Fifth Judicial District of the State of Idaho, Camas County. Hon. Robert Elgee, District Judge.

The district court's orders granting an injunction and awarding attorney's fees to Respondent are <u>reversed</u>. Costs on appeal are awarded to Appellant

Moore Smith Buxton & Turcke, Chtd., Boise, attorneys for Appellant.

Christopher Simms, Hailey, attorney for Respondent.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Appellant, Camas County, appeals an injunction granted by the district court against the enforcement of Camas County Ordinances 150 and 153, and Resolutions 96 and 103 ("2007 zoning amendments"). Camas County challenges the standing of Plaintiff-Respondent, George Martin ("Martin"), in light of this Court's recent decision in *Martin v. Camas County*, 150 Idaho 508, 509–11, 248 P.3d 1243, 1244–46 (2011) (hereinafter "*Martin I*").

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this case is the same as described in *Martin I*:

1

In late 2005 the Camas County Board of Commissioners . . . instructed the Camas County Planning and Zoning Commission . . . to amend the Camas County Zoning Ordinance and rezone certain areas of the county. The Commission submitted [the 2007 zoning amendments] to the Board, which subsequently adopted them. On May 4, 2007, Martin filed a declaratory judgment action against Camas County, seeking a permanent injunction of the 2007 zoning amendments.

On December 28, 2007, the district court granted preliminary injunctive relief to Martin. The district court found, *inter alia*, that: (1) the Idaho Administrative Procedures Act (IDAPA) applies to Camas County's zoning decisions; (2) the action of the County—in enacting the 2007 zoning amendments—constituted a quasi-judicial, rather than quasi-legislative, activity and was not immune from judicial review; and (3) the County failed to maintain a transcribable verbatim record, as required by I.C. § 67-6536. On April 2, 2008, the court entered a separate order of preliminary injunction on the basis that conflicts of interest existed at both the planning and zoning and county commissioner levels, in violation of I.C. § 67-6506.

On May 12, 2008, the Board adopted a new Amended Comprehensive Plan (Resolution 114) and Land Use Map (Resolution 115) as well as a new Zoning Ordinance (Ordinance 157) and a Zoning Designation Map (Ordinance 158) ( . . . "2008 zoning amendments"). On August, 8, 2008, Martin requested to amend his complaint to include claims for damages under Section 1983 of the Civil Rights Act and an additional declaratory relief action for the 2008 zoning amendments. On October 8, 2008, the district court granted Martin's request to amend his complaint to include Section 1983 claims, but denied the motion as to the 2008 zoning amendments.

On October 15, 2008, as this case was still being adjudicated, Martin filed a Complaint for Declaratory Judgment against the 2008 zoning amendments—later disposed of by this Court in *Martin I*.[1]

On November 5, 2008, Camas county removed [this case] to the United States District Court for the District of Idaho . . . , pursuant to 28 U.S.C. §§ 1441(b), 1446(b), divesting the district court of jurisdiction. On December 3, 2008, the district court entered its Findings of Fact, Conclusions of Law and Order Following Trial granting Martin's requested relief as to the 2007 zoning amendments. On May 17, 2009, the [U.S. District Court] remanded [this case] back to the district court. On May 27, 2009, the district court recognized that it had been divested of jurisdiction prior to entering its order on December 3, 2008,

---

[1] In *Martin I*, on November 10, 2008, the district court denied a preliminary injunction against Camas County. 150 Idaho at 510, 248 P.3d at 1245. The district court found that Martin could not show he would suffer irreparable injury. *Id.* On February 12, 2009, Camas County filed a motion for summary judgment, which was granted by the district court on May 6, 2009. *Id.* The district court found that Martin lacked standing to bring a complaint for declaratory judgment. *Id.* Martin appealed. *Id.* On appeal, this Court found that Martin failed to demonstrate a distinct palpable injury and therefore lacked standing. *Id.* at 517, 248 P.3d at 1252.

and was not re-vested until the [U.S. District Court] issued an order of remand.
The district court accordingly reissued its December 3 order on May 27, 2009.

*Martin I*, 150 Idaho at 510, 248 P.3d at 1245. On June 2, 2009, Martin filed a Motion for Attorney Fees and Costs requesting $83,008.39. Martin requested attorney fees and costs on the basis of the district court's finding on December 3, 2008, that Camas County acted without a reasonable basis in fact or law. Camas County objected to the request for attorney fees and costs on the basis that "[t]his case involves multiple claims and multiple defenses; many of which are cases of first impression." The district court granted Martin's motion for attorney fees and costs on October 8, 2009, in the amount of $72,002.56. The district court held that Camas County, on multiple occasions, acted without a reasonable basis in fact or law.

On October 26, 2009, Camas County filed a Notice of Appeal. Final judgment was entered on November 17, 2009. On December 23, 2009, Camas County filed an amended Notice of Appeal challenging the district court's order enjoining the 2007 zoning amendments and maintaining that the district court abused its discretion in awarding Martin attorney fees.

### III. ISSUES ON APPEAL

1. Whether the district court erred in failing to award Camas County attorney fees pursuant to I.C. § 12-117.

2. Whether Camas County is entitled to attorney fees on appeal pursuant to I.C. § 12-117 and I.A.R. 11.2.

### IV. STANDARD OF REVIEW

The standard of review under which a district court's application of I.C. § 12-117 is reviewed has a complicated history. *See Rincover v. State, Dep't. of Fin.*, 132 Idaho 547, 548–49, 976 P.2d 473, 474–75 (1999). Until recently, this Court freely reviewed a district court's application of I.C. § 12-117. *Fischer v. City of Ketchum*, 141 Idaho 349, 356, 109 P.3d 1091, 1098 (2005). In *City of Osburn v. Randel*, this Court held that a district court's application of I.C. § 12-117 is reviewed for an abuse of discretion. 152 Idaho 906, 908, 277 P.3d 353, 355 (2012). "A trial court does not abuse its discretion if it (1) recognizes the issue as one of discretion, (2) acts within the boundaries of its discretion and applies the applicable legal standards, and (3) reaches the decision through an exercise of reason." *Johannsen v. Utterbeck*, 146 Idaho 423, 429, 196 P.3d 341, 347 (2008).

### V. ANALYSIS

3

On appeal, Camas County argues that the district court erroneously enjoined Camas County's 2007 zoning amendments, abused its discretion in awarding Martin attorney fees under I.C. § 12-117, and erred in failing to award it attorney fees pursuant to I.C. § 12-117. Camas County also seeks attorney fees on appeal pursuant to I.C. § 12-117 and I.A.R. 11.2, because Martin acted without a reasonable basis in fact or law. Martin concedes that *Martin I* is controlling and he consequently lacks standing to pursue this action. Martin further concedes that the district court's award of attorney fees must also be reversed. Martin, however, argues that Camas County should not have been awarded attorney fees by the district court, because Martin's challenge to the 2007 zoning amendments was not brought without a reasonable basis in fact or law. Martin further argues that attorney fees on appeal should not be granted, because he has conceded the judgment awarded to him by the district court should be reversed.

**A.    *Martin I* is Controlling.**

Martin properly recognizes this Court's decision in *Martin I* is controlling. Also, *Martin I* is dispositive on all issues raised by Camas County except the issues of attorney fees.

This Court in *Martin I* held that the Uniform Declaratory Judgment Act, I.C. § 10-1202, does not relieve a party from showing that they had standing to bring an action. *Martin I*, 150 Idaho at 513, 248 P.3d at 1249. Standing requires the litigant to "allege or demonstrate an injury in fact and a substantial likelihood the relief requested will prevent or redress the claimed injury." *Id.* The claimed injury must be palpable and causally connected to the challenged conduct. *Id.* None of the properties Martin owned in Camas County were downzoned by the 2008 zoning amendments, nor did the 2008 zoning amendments prevent Martin from developing the property he owned in Camas County prior to either the 2007 or 2008 zoning amendments. *Id.* Also, Martin did not have taxpayer standing, nor does county-wide rezoning alone create harm without some specific and traceable harm. *Id.* Thus, it was held that Martin lacked standing to challenge the 2008 zoning amendments.

The 2007 and 2008 zoning amendments are practically identical. Both cases involve the same property owned by Martin in Camas County. Thus, the facts between this case and *Martin I* are nearly identical. Therefore, *Martin I* is res judicata and controlling. As such, Martin properly concedes that the district court's injunction against the 2007 zoning amendments must be reversed. Martin also properly concedes that his award of attorney fees by the district court must also be reversed.

4

**B.    Camas County Waived the Issue of Whether the District Court Erred in Failing to Award It Attorney Fees Pursuant to I.C. § 12-117.**

Martin concedes all arguments raised by Camas County except whether the district court erred in failing to award Camas County attorney fees under I.C. § 12-117. Camas County argues that Martin had no reasonable basis in law to bring his case, because he lacked standing and therefore did not present a justiciable case or controversy. Martin maintains that the district court did not err in failing to award Camas County attorney fees under I.C. § 12-117, because the parties stipulated to a variety of procedural shortcomings; there were perceived conflicts of interests; the mere fact that Martin lost on the merits does not mean his action was brought unreasonably; and standing is a difficult doctrine to apply.

"When issues on appeal are not supported by positions of law, authority, or argument, they will not be considered." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (finding defendant's argument that he could not comply with Idaho's sex offender registration requirement was waived, because the defendant did not support his assignment of error with authority). An assignment of error is deemed waived, and will not be discussed if there is no argument contained in the appellant's brief. *Arnold v. Splendid Bakery*, 88 Idaho 455, 466, 401 P.2d 271, 278 (1965) This Court holds that "a party waives an issue cited on appeal if either argument or authority is lacking." *Estes v. Barry*, 132 Idaho 82, 87, 967 P.2d 284, 289 (1998) (declining to discuss issue of attorney fees because the brief contained neither argument nor authority on the issue.)

In the present matter, Camas County alleges the district court erred "in failing to award the County attorney fees pursuant to I.C. § 12-117" in the issues section of its opening brief. Camas County does not, however, make any argument on this assignment of error. Camas County does argue that Martin was not entitled to attorney fees below, and that it is entitled to attorney fees on appeal. But it does not support its assertion that the district court erred in failing to award it attorney fees with argument or authority. Therefore, we conclude that Camas County waived this assignment of error.

**C.    Camas County is not Entitled to Attorney Fees on Appeal.**

Camas County requests attorney fees on appeal pursuant to I.C. § 12-117, I.R.C.P. 11(a)(1), and I.A.R. 11.2. Camas County argues that Martin acted unreasonably in defending this appeal because he attacks the doctrine of standing. Camas County further maintains that Martin pursued this claim merely to harass Camas County.

Camas County requests Rule 11 sanctions and fees pursuant to I.C. § 12-117. We conclude that Martin has acted reasonably on appeal, by conceding arguments and not making frivolous arguments.

Rule 11 Sanctions are appropriate where an argument on appeal "was so far outside the realm of reasonability that it warrants a sanction." *In re Estate of McKee*, 153 Idaho 432, __, 283 P.3d 749, 757 (2012). Idaho Appellate Rule 11.2 requires an attorney or party to sign court documents, which shall act to certify

> that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

I.A.R. 11.2.

Camas County has failed to show that Martin's eight-page brief was signed and submitted to this Court for an improper purpose. Again, Camas County mistakes losing on a reasonable argument as an unreasonable argument made without basis. Camas County maintains that Martin acted merely to harass it, but the record is insufficient to support this claim. A review of the record does not reveal an intent by Martin to harass Camas County, nor does Martin's conduct on appeal indicate such an intent. Indeed, Martin conceded all issues except whether pursuing a claim mistakenly believing he had standing based on fact and legal authority—before clarified by this Court—is unreasonable.

Thus, we conclude that Camas County is not entitled to attorney fees on appeal.

## VI. CONCLUSION

In light of this Court's decision in *Martin I*, the district court's order granting Martin an injunction is reversed. The district court's award of attorney fees to Martin is also reversed. Finally, Camas County is entitled to costs on appeal as the prevailing party.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.