HORTON, J.,
dissenting.
I entirely concur with the legal reasoning contained in Justice Eismann’s dissent. I write separately because I am unable — perhaps it is more accurate to say that I am unwilling — to reach Justice Eismann’s conclusion as to our colleagues’ motives, i.e., that the majority’s decision is “based solely upon whom they want to win or lose” and that the majority’s description of our holding in Weeks v. E. Idaho Health Servs., 143 Idaho 834, 153 P.3d 1180 (2007) is motivated by a desire “to find a way to reverse the district court so that Ms. Nield can prevail in this action.” Thus, I would characterize the majority’s description of the perceived limitations of Weeks as “mistaken” or “inaccurate,” rather than suggesting that the majority is deliberately “untruthful.” In my view, the majority’s error is not the product of a preference for one party over the other; rather, the majority’s error is a failure to observe the limitations upon an appellate court when reviewing a trial court’s discretionary decision.
The majority correctly states and applies our rule that the determination of the admissibility of evidence offered “in support of or in opposition to a motion for summary judgment is a threshold question to be answered before applying the liberal construction and reasonable inferences rule to determine whether the evidence is sufficient to create a genuine issue for trial.” J-U-B Engineers, Inc. v. Sec. Ins. Co. of Hartford, 146 Idaho 311, 314-15, 193 P.3d 858, 861-62 (2008) (citing Gem State Ins. Co. v. Hutchison, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007)). However, although the majority correctly states the standard of review governing this threshold question of the admissibility of evidence, I believe that it has failed to apply that standard in deciding this ease.
Before turning to the somewhat mechanical process of applying the standard of review of discretionary decisions, I think that a few words about the nature of discretionary decisions are in order. A discretionary decision is one where reasonable people may consider the facts and applicable law and reach differing conclusions. Thus, in the context of sentencing — another discretionary function exercised by trial courts — this Court has stated “where reasonable minds might differ, the discretion vested in the trial court will be respected, and this Court will not supplant the views of the trial court with its own.” State v. Windom, 150 Idaho 873, 875, 253 P.3d 310, 312 (2011) (quoting State v. Broadhead, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), overruled on other grounds by State v. Brown, 121 Idaho 385, 825 P.2d 482 (1992)).
This characterization of discretionary decisions is scarcely unique to this state. As an encyclopedia of American law explains, “[a] determination that a trial court abused its discretion involves far more than a difference in judicial opinion.” 5 Am.Jur.2d Appellate Review § 623 (2007) (citing Saffian v. Simmons, 477 Mich. 8, 727 N.W.2d 132, 135 (2007)). The preeminent legal dictionary provides a similar description: “Judicial and legal discretion. These terms are applied to the discretionary action of a judge or court, and mean discretion bounded by the rules and principles of law, and not arbitrary, capricious, or unrestrained. It is not the indulgence of a judicial whim, but the exercise of judicial judgment....” Black’s Law Dictionary 419 (5th ed.1979).
Our recognition that there are categories of judicial decisions broadly falling under the rubric of discretionary decisions for which there may be more than one “right answer” has led this Court to focus on the process, rather than the result, when reviewing a trial court’s decision on a matter committed to its discretion. Thus, this Court has stated:
We have long held that the appellate court should not substitute its discretion for that of the trial court. Implicit in this principle is the truism that the appellate court should not simply focus upon the results of a discretionary decision below, but rather upon the process by which the trial court reached its discretionary decision.
Quick v. Crane, 111 Idaho 759, 772, 727 P.2d 1187, 1200 (1986).
*853 As the intensity of Justice Eismann’s dissent suggests, whether evidence should or should not be admitted can be the object of substantial disagreement between reasonable people. Perhaps this is the reason that this Court has frequently stated that the trial courts have “broad discretion” in deciding whether or not evidence is admissible. See, e.g., Warren v. Sharp, 139 Idaho 599, 605, 83 P.3d 773, 779 (2003) (citing State v. Howard, 135 Idaho 727, 731, 24 P.3d 44, 48 (2001)). Given the extensive discussion of the decision by both the majority and Justice Eismann, it is worth noting that Weeks explicitly recognized that this “broad discretion” extends to the determination of the admissibility of expert testimony. Weeks, 143 Idaho at 837, 153 P.3d at 1183 (citing Warren, 139 Idaho at 605, 83 P.3d at 779).
It is against this backdrop that I turn to the standard of review which (I feel obligated to reiterate) focuses on how the trial judge reached the decision, not what that decision was:
“A trial court does not abuse its discretion if it (1) recognizes the issue as one of discretion, (2) acts within the boundaries of its discretion and applies the applicable legal standards, and (3) reaches the decision through an exercise of reason.” Johannsen v. Utterbeck, 146 Idaho 423, 429, 196 P.3d 341, 347 (2008).
Martin v. Smith, 154 Idaho 161, 163, 296 P.3d 367, 369 (2013).
This appeal from the grant of summary judgment turns upon the single issue[16] of whether the district court erred when, in the district judge’s words, he “evaluated the affidavits submitted by the Plaintiffs experts and determined the causation analyses offered were not based on valid and rehable principles or methodology, and, therefore, unhelpful to the trier of fact.” If the final clause were not clear enough, the district court expressly stated that this decision was predicated upon its analysis under Rule 702 of the Idaho Rules of Evidence.
The majority does not suggest that the district court failed to recognize this decision was one of discretion. Given the district court’s extensive discussion of Weeks, which as previously noted identified the admissibility of expert opinion as committed to the broad discretion of the trial court, and the extensive discussion of the reasons it concluded that Ms. Nield’s experts’ affidavits failed to meet the requirement of I.R.E. 702, it is evident that the district court recognized that this was a discretionary call.
The second prong of the “three-part test” for abuse of discretion actually contains two discrete inquiries: whether the trial court “acted within the outer boundaries of its discretion” and whether the trial court’s decision was consistent “with the legal standards applicable to the specific choices available to it.” Magleby v. Garn, 154 Idaho 194, 197, 296 P.3d 400, 403 (2013) (citing Bailey v. Bailey, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). In the context of summary judgment proceedings, the district court faced a binary choice, to admit or exclude the opinions of causation proffered by Ms. Nield’s experts.[17] Thus, the determination that the proffered opinions would not assist the trier of fact was within the range of legitimate, available options.
The second aspect of this second prong warrants more discussion, because this is where I believe the majority has first gone astray. The district court determined that the nature of Ms. Nield’s lawsuit was such that it “required the testimony of experts to establish proximate cause of the injury suffered by the Plaintiff.” Although Ms. Nield has not challenged this threshold legal determination by the trial court in her opening brief, the majority rejects the district court’s considered analysis with the conclusion that “expert testimony is not necessary in determining how a particular person contracted the disease.” I do not believe this statement by the majority accurately reflects the cur *854 rent state of jurisprudence in Idaho. In fact, in support of this threshold determination that expert testimony was necessary to establish causation, the district court cited our decision in Coombs v. Curnow, 148 Idaho 129, 219 P.3d 453 (2009), where we stated:
Although the Idaho Rules of Evidence do not require expert testimony to establish causation in medical malpractice cases, such testimony is often necessary given the nature of the cases. Expert testimony is generally required because “the causative factors are not ordinarily within the knowledge or experience of laymen composing the jury.”
148 Idaho at 140, 219 P.3d at 464 (quoting Flowerdew v. Warner, 90 Idaho 164, 170, 409 P.2d 110, 113 (1965)). Coombs is scarcely an outlier. Rather, it is consistent with other decisions from this Court indicating that causation of medical conditions may require the presentation of expert testimony. See Swallow v. Emergency Med. of Idaho, P.A., 138 Idaho 589, 597-98, 67 P.3d 68, 76-77 (2003); Cook v. Skyline Corp., 135 Idaho 26, 35, 13 P.3d 857, 866 (2000); Evans v. Twin Falls County, 118 Idaho 210, 214, 796 P.2d 87, 91 (1990). I cannot find error in the district court’s determination that the cause of nosocomial infections is a matter “not ordinarily within the knowledge or experience of laymen.”
As I can find no error in the district court’s determination that causation in this case required the presentation of expert testimony, I turn to the critical decision by the district court that Ms. Nield’s experts’ affidavits failed to meet the requirements of I.R.E. 702.
The district court explained the standards that it applied in evaluating Ms. Nield’s experts’ opinions. As these standards are those which this Court has applied, the district court’s articulation of the standards that it applied bears repeating:
Rule 702 of the Idaho Rules of Evidence permits the admission of expert testimony only when
the expert is a qualified- expert in the field, the evidence will be of assistance to the trier of fact, experts in the particular field would reasonably rely upon the same type of facts relied upon by the expert in forming his opinion, and the probative value of the opinion testimony is not substantially outweighed by its prejudicial effect.
Ryan v. Beisner, 123 Idaho 42, 47, 844 P.2d 24, 29 (Idaho Ct.App.1992). Expert opinion which is speculative, conclusory, or unsubstantiated by facts in the record is of no assistance to the jury in rendering its verdict, and therefore is inadmissible. Id. at 46-47, 844 P.2d at 28-29. The testimony of an expert is speculative when it “theoriz[es] about a matter as to which evidence is not sufficient for certain knowledge.” Karlson v. Harris, 140 Idaho 561, 565, 97 P.3d 428, 432 (2004). On the other hand, if an expert’s reasoning or methodology underlying the opinion is scientifically sound and “based upon a ‘reasonable degree of medical probability’” not a mere possibility, then the testimony will assist the trier of fact. Bloching v. Albertson’s, Inc., 129 Idaho 844, 846-47, 934 P.2d 17, 19-20 (1997) (quoting Roberts v. Kit Mfg. Co., 124 Idaho 946, 948, 866 P.2d 969, 971 (1993)).
In deciding whether to admit expert testimony, a court must evaluate “the expert’s ability to explain pertinent scientific principles and to apply those principles to the formulation of his or her opinion.” Ryan, 123 Idaho at 46, 844 P.2d at 28. Admitting the expert’s testimony depends upon the validity of the expert’s reasoning and methodology, not his or her ultimate conclusion. Id. at 46-47, 844 P.2d at 28-29. As long as the principles and methodology behind a theory are valid and reliable, the theory need not be commonly agreed upon or generally accepted. Weeks, 143 Idaho at 838, 153 P.3d at 1184.
There is simply no error in the legal standards that the district court applied to its decision.
This brings me to the heart of my dissent: in my view, the majority simply does not agree with the reasons that the district court articulated for its decision that Ms. Nield’s experts’ opinions failed to meet the requirements of I.R.E. 702. In the memorandum opinion denying Ms. Nield’s motion for re *855 consideration, the district court quoted from its earlier opinion, explaining:
Dr. Selzniek “failed to identify all of the potential causes of symptoms, eliminating hypotheses in order to reach a conclusion as to the most likely cause.” Instead, Dr. Selzniek simply and improperly concluded
that because the Plaintiff was negative for MRSA and pseudomonas at the time of her admission to PCRC, but then tested positive for MRSA and pseudomonas prior to her discharge, then she must have contracted MRSA and pseudomonas while at PCRC. He does not address the other factors that could have been a substantial factor in causing the infections.
As such, this Court found “the validity of Dr. Selznick’s reasoning and methodology regarding how the Plaintiff contract MRSA and pseudomonas [to be] without merit.”
(district court citations to earlier opinion omitted).
This statement clearly reflects the district court’s application of the legal principle we adopted in Weeks. Indeed, the district court’s original decision not only cited, but quoted, our holding: “After identifying all of the potential causes of symptoms, the expert then engages in a process of eliminating hypotheses in order to reach a conclusion as to the most likely cause.” Weeks, 143 Idaho at 839, 153 P.3d at 1185 (citing Clausen v. M/V New Carissa, 339 F.3d 1049, 1060 (9th Cir. 2003)). Significantly, the district court then further quoted Weeks: “When using differential diagnosis, a district court is justified in excluding the expert’s testimony if the expert fails to offer an explanation why an alternative cause is ruled out.” Id. It is evident, at least to me, that the district judge viewed this case as presenting a situation where, in evaluating the admissibility of expert opinions, Weeks provided guidance as to the applicable legal standard governing the decision before him.
“Trial courts are not free to willfully disregard precedent from the appellate courts of this state.” State v. Hanson, 152 Idaho 314, 325 n. 6, 271 P.3d 712, 723 n. 6 (2012) (citing State v. Guzman, 122 Idaho 981, 986, 842 P.2d 660, 665 (1992)). Aside from the failure to anticipate that this Court would overrule Weeks sub silentio (a decision, by the way, in which two-thirds of the present majority concurred), I cannot imagine what more the district judge could have done.
This case presented what I view as being a very close call for the district judge. Indeed, had I been in the position of the district judge, I likely would not have stricken Dr. Selznick’s opinion. However, this Court should not reverse discretionary decisions when the trial court has identified the applicable legal standards governing a discretionary decision and rationally explained the manner in which those principles apply to the decision. To do so is to usurp the role of the trial court in exercising considered legal judgment.
Because reasonable minds can — and as is reflected in the sharply diverging views expressed in the majority and Justice Eismann’s dissent, do in fact — disagree as to whether the district court properly concluded that Ms. Nield’s experts failed to adequately address other potential causes of her MRSA and pseudomonas infections, this is an instance where the standard of review should have dictated affirmance. The district judge recognized the issue as a matter of discretion, the exclusion of the proffered opinions was within the boundaries of his discretion, he recognized and applied the governing legal principles as articulated by this Court, and he did so by an exercise of reason. For these reasons, I would affirm.

. Although the majority explains why it believes the district court erred in relying upon Dr. Coffman’s affidavit, Justice Eismann is correct in his observation that Ms. Nield has not raised this as an issue on appeal and that issue is not properly before the Court.

. In a jury trial, the decision to admit evidence may also result in a court exercising a third option — to admit evidence subject to a limiting instruction.