**IN THE SUPREME COURT OF THE STATE OF IDAHO**
Docket No. 43538

| | | |
|---|---|---|
| **JOSEPH JERRY MARAVILLA,** | ) | |
| | ) | |
| **Claimant-Respondent-Cross Appellant,** | ) | **Idaho Falls, September 2016** |
| | ) | |
| **v.** | ) | **2016 Opinion No. 158** |
| | ) | |
| **J.R. SIMPLOT COMPANY, Self-Insured Employer,** | ) | **Filed: December 30, 2016** |
| | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **Defendant-Appellant-Cross Respondent.** | ) | |
| | ) | |
| | ) | |

Appeal from the Industrial Commission.

The order of the Industrial Commission is affirmed in part and reversed in part.

Ludwig Shoufler Miller Johnson, LLP, Boise, for appellant. Daniel A. Miller argued.

Racine, Olson, Nye, Budge & Bailey, Chtd., Pocatello, for respondent. Fred J. Lewis argued.

_____

BURDICK, Justice

## I.    NATURE OF THE CASE

Joseph Jerry Maravilla and J.R. Simplot Company both appeal the Industrial Commission's (Commission) August 11, 2015 Order on Petition for Declaratory Ruling. Maravilla was injured in an industrial accident while working for Simplot, and Simplot paid Maravilla's worker's compensation benefits for that injury. In a separate action, Maravilla brought suit against Idaho Industrial Contractors, Inc. (IIC), the contractor performing repairs on the area where Maravilla was injured. Maravilla and IIC settled the claim for $75,000 and Simplot claimed subrogation against Maravilla. In its order, the Commission ruled that Maravilla could argue that Simplot was partly at fault for Maravilla's industrial accident and that Simplot's negligence, if proved, was not a bar to Simplot being reimbursed for worker's compensation payments it had paid Maravilla.

1

Simplot appeals the Commission's decision that Maravilla's settlement with IIC does not preclude Maravilla from attempting to prove Simplot's negligence. Maravilla appeals the Commission's ruling that Simplot is entitled to reimbursement even if Simplot's negligence contributed to Maravilla's injury. We affirm in part and reverse in part.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2011, Maravilla, while working at Simplot, tripped on a hose that had been placed across a walkway to transport a water/acid mix to a nearby pump. The water/acid mixture was being transported because repairs were being performed on a nearby sulfuric acid pad. The repairs were being performed by IIC, however, the hose had been placed by Simplot. On the day of the accident, a rainstorm had caused a power outage at the sulfuric acid pad causing acid to pool on the pad. Upon tripping, Maravilla's foot went through a plastic barrier erected by IIC and into the pooling acid. Maravilla suffered chemical burns to his right foot and leg, which later required skin grafts and surgery. Maravilla then filed a worker's compensation claim. Simplot, in its capacity as a self-insured employer, paid out an undisclosed amount of worker's compensation benefits.

On February 6, 2013, Maravilla filed a third-party lawsuit against IIC. Maravilla alleged that his injuries were caused by the negligence of IIC. Simplot did not participate in this litigation. At some point before trial, Maravilla and IIC settled the claim for $75,000. The district court then dismissed the complaint with prejudice on January 22, 2015. Thereafter, Simplot sought subrogation against the $75,000 settlement.

On May 1, 2015, Maravilla filed a petition for declaratory ruling with the Commission. Maravilla contended that in accordance with prior precedent, any negligence on the part of an employer cuts off that employer's right to subrogation under Idaho Code section 72-223. Simplot argued that as a result of Idaho's adoption of comparative fault, an employer's right to subrogation continues to exist even if the employer is shown to have been partly at fault in contributing to the employee's injury. Simplot also argued that Maravilla was precluded from arguing Simplot's negligence because he failed to do so during the third-party litigation with IIC.

On August 11, 2015, the Commission issued its order. The Commission rejected Simplot's claim preclusion argument but adopted a new rule regarding employer's subrogation rights. The new rule, based on the fact that joint and several liability has been abolished in Idaho, states that "employer's negligence is no longer an absolute bar to the exercise of its right of

2

subrogation. Rather, an employer's right of subrogation will be reduced by its proportionate share of fault in contributing to claimant's damages."

Simplot timely appeals from the Commission's order with respect to the claim preclusion issue. Maravilla cross-appeals with respect to the Commission's adoption of the new employer negligence rule.

## III. STANDARD OF REVIEW

The facts pertinent to this appeal are not in dispute, only the legal conclusions drawn from those facts, therefore, we exercise free review. *Kelly v. Blue Ribbon Linen Supply, Inc.*, 159 Idaho 324, 326, 360 P.3d 333, 335 (2015).

## IV. ANALYSIS

### A. Maravilla is not barred from raising the issue of Simplot's negligence before the Commission.

Simplot argues that the doctrine of claim preclusion precludes Maravilla from pursuing the issue of Simplot's negligence before the Commission. The Commission ruled that Maravilla's settlement with IIC was not a "final judgment rendered on the merits" and therefore claim preclusion did not apply. We affirm the Commission but with modified reasoning.

"Whether claim preclusion or issue preclusion bars relitigation between the same parties of a prior litigation is a question of law upon which this Court exercises free review." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007).

> The doctrine of *res judicata* covers both claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel). *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Claim preclusion bars a subsequent action between the same parties upon the same claim or upon claims "relating to the same cause of action . . . which might have been made." *Id.* Issue preclusion protects litigants from litigating an identical issue with the same party or its privy. *Rodriguez v. Dep't of Corr.*, 136 Idaho 90, 92, 29 P.3d 401, 403 (2001). Separate tests are used to determine whether claim preclusion or issue preclusion applies.

*Id.* at 123, 157 P.3d at 617.

On appeal, Simplot does not assert that issue preclusion applies. Indeed, Simplot states in its reply brief that "claim preclusion is the appropriate theory to analyze Simplot's Res Judicata defense." Thus, because Simplot does not argue issue preclusion in its brief we only address Simplot's argument under the theory of claim preclusion. *Martin v. Smith*, 154 Idaho 161, 164, 296 P.3d 367, 370 (2013) ("When issues on appeal are not supported by positions of law, authority, or argument, they will not be considered. An assignment of error is deemed waived,

3

and will not be discussed if there is no argument contained in the appellant's brief." (quoting *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996)).

"For claim preclusion to bar a subsequent action there are three requirements: (1) same parties; (2) same claim; and (3) final judgment." *Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618. In its order, the Commission ruled that claim preclusion did not apply because the district court's dismissal with prejudice after the parties reached a settlement "did not constitute a valid final judgment rendered on the merits." This was incorrect.

We have clearly stated that a dismissal with prejudice operates as a final judgment for purposes of res judicata. *Scott v. Agric. Prods. Corp.*, 102 Idaho 147, 151, 627 P.2d 326, 330 (1981) ("[A] dismissal with prejudice will bar a subsequent action involving the same claim between the parties or their privies."). This is true even when the dismissal with prejudice is stipulated to by the parties. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 614, 826 P.2d 1322, 1326 (1992) (holding that for purposes of res judicata the effect of a stipulation of dismissal with prejudice operates the same "as if the parties had proceeded to trial"). Here, IIC and Maravilla stipulated to dismissal of the case with prejudice. Accordingly, the district court's dismissal with prejudice operated as a final judgment for purposes of res judicata and the Commission erred by ruling otherwise.

Having established that a final judgment was entered, we turn to whether the "same claim" requirement of claim preclusion is met.

A claim is considered the same claim when "the present claim arises out of the same transaction or series of transactions as the original action." *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 81, 278 P.3d 943, 951 (2012). This has been broadly interpreted by this Court to include situations "even where there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories." *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993) (citation omitted). "Therefore, res judicata's preclusive effect bars 'not only subsequent re-litigation of a claim previously asserted, but also subsequent re-litigation of any claims relating to the same cause of action which were actually made or which might have been made' in the first suit." *State v. Wolfe*, 158 Idaho 55, 63, 343 P.3d 497, 505 (2015) (quoting *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002)).

Here, the only two claims that have been asserted are Maravilla's original negligence claim against IIC and Simplot's present claim of subrogation against Maravilla.[1] A critical component in deciding whether claims are the same for purposes of res judicata is that the subsequent or present claim must be one that arose out of the same cause of action and should have been litigated in the first suit. *E.g.*, *Berkshire Invs.*, 153 Idaho at 81, 278 P.3d at 951; *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620. Maravilla's cause of action in his negligence claim against IIC is based on Maravilla's October 16, 2011, industrial accident, which resulted in chemical burns to Maravilla's leg and foot. Simplot's subrogation claim, however, is based on Idaho Code section 72-223(3) and is derived from Maravilla's recovery from IIC. *Struhs v. Protection Techs., Inc.*, 133 Idaho 715, 721, 992 P.2d 164, 170 (1999) (holding that an employer's "right to subrogation [is] derivative" of the employee's recovery). It is Maravilla's recovery, rather than his injury, that acts as the cause of action for Simplot's subrogation claim. Simplot's subrogation claim did not ripen until after Maravilla recovered from IIC. Therefore, Simplot's subrogation claim and Maravilla's negligence claims do not share a cause of action. Simplot could not bring its subrogation claim against Maravilla until Maravilla had recovered from IIC. Accordingly, for purposes of claim preclusion, Simplot's subrogation claim is not the same claim as Maravilla's negligence claim against IIC.

In summary, the Commission erred by ruling that claim preclusion did not apply because there was no final judgment; however, because the "same claim" requirement of claim preclusion was not met the Commission reached the correct result. We therefore affirm the Commission.

---

[1] Simplot attempts to argue that Maravilla's assertion of Simplot's negligence as a defense to Simplot's subrogation claim is a "claim" for purposes of claim preclusion. However, a claim is "[a]n interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing." *Black's Law Dictionary* 264 (8th ed. 2004). By contrast, an issue is "a point in dispute between two or more parties." *Id.* at 849. Here, Maravilla is not asserting Simplot's negligence to "obtain a privilege, possession, or enjoyment of a right or thing." Indeed, because Maravilla's injury is covered by the Idaho Worker's Compensation Act, Maravilla is expressly barred from bringing a negligence claim against Simplot. *E.g.*, *Gerdon v. Rydalch*, 153 Idaho 237, 242, 280 P.3d 740, 745 (2012) ("[I]n Idaho, pursuant to I.C. § 72-211, a person injured in the course of employment has only one claim against the employer, and that claim is under the Worker's Compensation Act, not a tort action." (quoting *Baker v. Sullivan*, 132 Idaho 746, 749, 979 P.2d 619, 622 (1998)). Rather, Maravilla is asserting Simplot's negligence as an issue—as a point in dispute—that bears on whether Simplot's subrogation claim will succeed.

Simplot also attempts to assert that its negligence "was a claim made by IIC in the [Maravilla v. IIC] suit." However, IIC never had a negligence claim against Simplot. *See Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 399, 987 P.2d 300, 311 (1999) (listing the necessary elements for a claim of negligence). Rather, IIC asserted the issue of Simplot's negligence as a defense to Maravilla's negligence claim against IIC. The only party with a possible claim of negligence against Simplot would be Maravilla, however, as mentioned above, that claim is barred by the Idaho Worker's Compensation Act. Thus, in regard to the IIC litigation, Simplot's negligence, if any, was only an issue that bore on whether Maravilla's negligence claim against IIC would succeed.

*Martel v. Bulotti*, 138 Idaho 451, 453, 65 P.3d 192, 194 (2003) ("This Court may uphold decisions on alternate grounds from those stated in the findings of fact and conclusions of law on appeal.").

**B. Whether the Commission erred by ruling that an employer's negligence does not bar the employer from asserting its subrogation rights.**

The Commission ruled that because the Legislature abolished joint and several liability, an "employer's negligence is no longer an absolute bar to the exercise of its right of subrogation." Instead, the Commission ruled that the "employer's right of subrogation will be reduced by its proportionate share of fault in contributing to claimant's damages." Maravilla contends that this ruling was in error because it contravenes this Court's clear precedent that an employer's negligence bars it from asserting its subrogation rights. Simplot urges us to adopt the Commission's ruling.

In *Liberty Mutual Insurance Company v. Adams*, we first addressed the question of whether an employer whose negligence contributed to the injury of an employee may enforce its subrogation rights. 91 Idaho 151, 417 P.2d 417 (1966). In that case, we held that an employer who was concurrently negligent in the worker's injury was not entitled to subrogation. *Id.* at 156, 417 P.2d at 422. In support of our ruling, we relied on various cases from California and a dissenting opinion by Justice Taylor in *Brown v. Arrington Construction Co.*, 74 Idaho 338, 262 P.2d 789 (1953), both of which relied on various North Carolina cases. Central to these cases was the principle that "it is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer." *Id.* (quoting *Witt v. Jackson*, 366 P.2d 641, 649 (Cal. 1961)). Indeed, we quoted extensively with approval from the California case *Witt v. Jackson*:

> In the Brown case, supra, (*Brown v. Southern Ry. Co.*, 204 N.C. 668, 169 S.E. 419) it was stated that "when the employee or his estate has been satisfied, and the employer seeks to recover the amount paid by him, from such third party, his hands ought not to have the blood of the dead or injured workman upon them, when he thus invokes the impartial powers and processes of the law." (169 S.E. at p. 420). The Lovette case, supra, (*Lovette v. Lloyd*, 236 N.C. 663, 73 S.E.2d 886, 892) reiterated the same argument in more moderate language: "It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer."
> . . . .
> Thus, whether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right to reimbursement, since, in either event, the action is

6

brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee.

*Id.* (quoting *Witt*, 366 P.2d at 649).

In *Tucker v. Union Oil Co. of California*, we revisited the issue. 100 Idaho 590, 603 P.2d 156 (1979). We held that although under *Liberty Mutual* a negligent employer is barred from seeking subrogation of an employee's recovery against a third-party, an employee's recovery in a civil action against a third-party "should be reduced by the amount of the workmen's compensation benefits assessed against the concurrently negligent employer." *Id.* at 604, 603 P.2d at 170. In reaching this decision, we quoted from the California case *Associated Construction & Engineering Co. v. Worker's Compensation Appeals Bd.*, 587 P.2d 684 (Cal. 1978):

> When the issue of an employer's concurrent negligence arises in a judicial forum, application of comparative negligence principles is relatively straightforward. The third party tortfeasor should be allowed to plead the employer's negligence as a partial defense, in the manner of *Witt*. Once this issue is injected into the trial, the trier of fact should determine the employer's degree of fault according to the principles of *American Motorcycle*. The court should then deduct the employer's percentage share of the employee's total recovery from the third party's liability up to the amount of the worker's compensation benefits assessed against the employer.
> Under the rule of *American Motorcycle*, the joint and several liability of joint tortfeasors is retained. (Citations omitted). Thus, except for his Witt-type deduction, the third party remains liable for all of employee's damages, including the portion which represents the extent to which (the negligent employer is insulated) from the comparative responsibility he would otherwise incur. 150 Cal.Rptr. at 896 and n.9, 587 P.2d at 692 and n.9.

*Tucker*, 100 Idaho at 604, 603 P.2d at 170 (quoting *Associated Constr.*, 587 P.2d at 684 & n.9).

The underlying principle of this rule was to prevent the employee from receiving a double recovery. *Id.* (citing *Shields v. Wyeth Labs., Inc.*, 95 Idaho 572, 513 P.2d 404 (1973)). We reasoned that under the principles of joint and several liability the third-party tortfeasor was liable for the entire judgment and that allowing the employee to recover both worker's compensation and the entire judgment amount would have resulted in a double recovery for the employee.[2] *Id.* Notably, however, we declined to apply the principles of comparative negligence

---

[2] This is illustrated by the facts of *Tucker*. In *Tucker*, the third-party tortfeasor was found 60% negligent, the employer 30%, and the employee 10%. 100 Idaho at 597, 603 P.2d at 163. After deducting 10% for the employee's share of negligence, damages were fixed at $325,800. *Id.* At the time of trial, the employee had received $16,916.50 in worker's compensation benefits. *Id.* at 593, 603 P.2d at 159. Under joint and several liability the third-party

and joint and several liability to worker's compensation benefits as between the employer and the employee.[3]

Roughly a year later, in *Pocatello Industrial Park Co. v. Steel West, Inc.*, we again commented on the effect of employer negligence on subrogation. 101 Idaho 783, 621 P.2d 399 (1980). In that case, we noted that although *Tucker* referenced *Liberty Mutual*,[4]

> Liberty Mutual was decided prior to the Idaho legislature's adoption of a comparative negligence statute, I.C. § 6-801. For that reason, the status of the *Liberty Mutual* rule barring subrogation is currently unknown. In fact, in *Tucker v. Union Oil Co. of California*, 100 Idaho 590, 603 P.2d 156 (1979), that question was expressly reserved for another day.

*Id.* at 788, 621 P.2d at 404.

However, since *Tucker* and *Pocatello Industrial* we have reiterated the validity of the *Liberty Mutual* rule, citing the rule with approval on multiple occasions. *E.g.*, *McBride v. Ford Motor Co.*, 105 Idaho 753, 763–64, 673 P.2d 55, 65–66 (1983); *Schneider v. Farmers Merch., Inc.*, 106 Idaho 241, 244, 678 P.2d 33, 36 (1983) ("The reimbursement of workmen's compensation benefits to a negligent employer has been denied largely because it is contrary to the policy of the law for an employer (or his insurer) to profit from his own wrong."); *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 395, 690 P.2d 324, 330 (1984) ("Our case law implementing I.C. §§ 72-209 and -223 has held that the insurer of an employer who is jointly negligent with the third party is not allowed the statutory subrogation rights or reimbursement for workmen's compensation benefits . . . ."). Indeed, as recently as 2013, after the abolishment of joint and several liability, we described the system of apportioning the employee's damages under Idaho Code section 72-223 as follows:

---

tortfeasor was liable for the entire $325,800. *See id.* at 597–98, 603 P.2d at 163–64. Thus, if the worker's compensation benefits were not deducted from the $325,800 the employee would have received a total of $342,716.50 ($325,800 + $16,916.50), thereby resulting in a double recovery on the $16,916.50. *See id.* at 604–05, 603 P.2d at 170–71. To prevent this windfall, we reasoned that the $325,800 should be reduced by the $16,916.50 in benefits. *Id.* Thus, the employee would end up with $308,883.50 ($325,800 − $16,916.50) from the third-party tortfeasor, and $16,916.50 in worker's compensation benefits, for the total judgment amount of $325,800. *See id.*

[3] Although we noted that *Liberty Mutual* was decided before the adoption of comparative negligence in Idaho, *Tucker*, 100 Idaho at 604, 603 P.2d at 170, we stopped short of adopting *Associated Construction's* reasoning that the principles of comparative negligence and joint and several liability affected a negligent employer's subrogation rights. *Id.* ("As to that portion of the *Associated* decision relating to the right of the employer to be subrogated to a portion or all of the workmen's compensation benefits dependent upon the extent to which negligence has been assessed against the employer, we find such to be unnecessary to our decision today.").

[4] *See supra* note 1.

8

[T]he system of apportionment generally works as follows. In those situations where the employer is not negligent, the employer is entitled to subrogate to the employee's recovery against a third party, and thus obtain a reimbursement of the workmen's compensation benefits he paid. Conversely, in those situations where the employer is negligent, the employer is denied this reimbursement . . . .

*Izaguirre v. R & L Carriers Shared Servs., LLC*, 155 Idaho 229, 235, 308 P.3d 929, 935 (2013) (citation omitted).

Thus, nothing in any of the cases following *Liberty Mutual*, or in the cases following the adoption of comparative negligence, or in the cases after the abrogation of joint and several liability indicate that the rule in *Liberty Mutual* has changed or been reversed. In fact, by citing to the rule approvingly on multiple occasions we have continued to approve of the *Liberty Mutual* rule.

Nonetheless, the Commission ruled that the Legislature's adoption of comparative negligence and subsequent abrogation of joint and several liability in the tort law system requires that the employer negligence rule in *Liberty Mutual* be abandoned in favor of a new rule taken from *Associated Construction*, *supra*. This is because, as the Commission reasoned, the rationale of the *Liberty Mutual* rule was based on the "concern . . . that prior to the abolition of joint and several liability an uninsulated negligent employer would be liable for 100% of the injured worker's damages, absent from immunity from suit conferred by the worker's compensation laws." This reasoning, however, misses the mark. The flaw in the Commission's reasoning is that it attempts to equate worker's compensation benefits with tort damages. They are not equivalent. The Worker's Compensation Act was a compromise between injured workers and their employers and was specifically intended to remove industrial accidents from the common law tort system. *Blake v. Starr*, 146 Idaho 847, 851, 203 P.3d 1246, 1250 (2009); *Yount v. Boundary Cty.*, 118 Idaho 307, 307, 796 P.2d 516, 516 (1990) ("[S]uch being the *quid pro quo* for eliminating the previous remedy of seeking a tort recovery from employers."). Thus, while the principles of comparative negligence and joint and several liability will affect the recovery of an injured employee in his negligence tort claim against a third party,[5] those same principles simply do not figure into the determination of worker's compensation benefits between an injured employee and his employer.[6] The *Liberty Mutual* rule does not rely on the principles of

---

[5] *See Tucker*, 100 Idaho at 604, 603 P.2d at 170.

[6] Indeed, by its own terms, Idaho's comparative negligence statute only applies to actions "to recover damages for negligence, gross negligence, or comparative responsibility . . . ." I.C. § 6-801. Notably absent from this list are

comparative negligence and joint and several liability. Rather, as explicitly stated in *Liberty Mutual* and in the cases it relied upon, the rule is based upon the belief that

> when the employee or his estate has been satisfied, and the employer seeks to recover the amount paid by him, from such third party, his hands ought not to have the blood of the dead or injured workman upon them, when he thus invokes the impartial powers and processes of the law. *Brown v. Southern Ry. Co.*, 129 S.E. 419, 420 (1933).

*Liberty Mutual*, 91 Idaho at 156, 417 P.2d at 422 (quoting *Witt*, 366 P.2d at 649). The principle behind the *Liberty Mutual* rule is that where the employer is concurrently at fault for the worker's injury it should not be allowed the benefit of subrogation because it runs counter to the policy of law to allow someone to "take advantage of his own wrong." *Id.* (quoting *Witt*, 366 P.2d at 649); *Schneider*, 106 Idaho at 244, 678 P.2d at 36 ("The reimbursement of workmen's compensation benefits to a negligent employer has been denied largely because it is contrary to the policy of the law for an employer (or his insurer) to profit from his own wrong.").[7] The adoption of comparative negligence and the abrogation of joint and several liability do not affect the rationale behind the *Liberty Mutual* rule, let alone require its abandonment.

## V.    CONCLUSION

We affirm the Commission's ruling that claim preclusion does not apply. However, we reverse the Commission's abrogation of the *Liberty Mutual* rule. Neither party requests attorney fees. Costs to Appellants.

Chief Justice J. JONES and Justices EISMANN, W. JONES and HORTON, **CONCUR.**

---

worker's compensation claims. And for good reason. *See* I.C. § 72-201 (removing workplace injuries from the common law tort system); *see also, e.g.*, *Kolar v. Cassia Cty. Idaho*, 142 Idaho 346, 351, 127 P.3d 962, 967 (2005) (noting that the Legislature removed workplace injuries from the tort system)

[7] *See also Lovette v. Lloyd*, 73 S.E.2d 886, 891–92 (N.C. 1953), *relied on by Liberty Mutual*, 91 Idaho at 155–56, 417 P.2d at 421–22 ("It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer. For this reason, where the negligence of the third party and independent negligence on the part of the employer concur and proximately cause the injury to the employee, the third party may plead and prove the independent concurring negligence of the employer as a bar, Pro tanto, to the recovery of the compensation paid or payable by the employer or the insurance carrier." (citations omitted)).