83 P.3d 773

**Bonnie Thompson WARREN,
Plaintiff–Respondent,**

v.

**Lily M. SHARP, Defendant–Appellant.**

No. 28562.

Supreme Court of Idaho,
Coeur d'Alene, October 2003 Term.

Nov. 21, 2003.

Rehearing Denied Feb. 5, 2004.

Elam & Burke, P.A. Boise, for appellant. Jeffrey A. Thomson argued.

Arthur M. Bistline, Coeur d'Alene, argued for respondent.

BURDICK, Justice.

Two automobile accidents occurred on Highway 200 on January 7, 1997, in the late afternoon. The first was a one-car accident, which left Lily Sharp's vehicle in a snow bank with her vehicle facing traffic. The second involved Glenn Warren's vehicle striking Stephanie Waterman's vehicle, which resulted in Glenn Warren's death. Bonnie Warren, the widow, brought this action against Sharp alleging Sharp's negligence was a proximate cause of Glenn Warren's death. After trial, a jury found no negligence on the part of Sharp. This case comes before the Court following the district court's grant of a motion for new trial. We reverse and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

On January 7, 1997, Lily Sharp was traveling westbound on Highway 200. Sométime between 4:30 and 4:45 p.m., Sharp lost control of her vehicle and eventually came to rest facing eastbound in a snow bank on the westbound shoulder of the road. Shortly thereafter, Glenn Warren was traveling westbound on Highway 200. Warren's vehicle lost control and struck Stephanie Waterman's vehicle, which was traveling in the opposite eastbound lane. Glenn Warren died as a result of the accident.

Glenn Warren's wife, Bonnie Thompson Warren ("Warren"), filed a complaint alleging Lily Sharp's negligence was the proximate cause of her husband's death. Prior to trial, Sharp filed a motion in limine seeking to exclude the opinions of Warren's accident reconstruction expert. Following a hearing, the district court denied the motion. A five-day jury trial began on September 24, 2001, with the jury returning a verdict finding no negligence by Sharp.

On October 11, 2001, Warren filed a motion for new trial before judgment was en-

tered. Judgment was entered on October 18, 2001, against Warren, dismissing the claims against Sharp. Later, on April 4, 2002, the district court granted the motion for new trial based upon I.R.C.P. 59(a)(6). Sharp appeals the grant of the motion for new trial and the denial of her motion in limine.

## ISSUES PRESENTED ON APPEAL

1. Did the district court err in granting Warren's motion for new trial?

2. Did the district court err in denying Sharp's motion in limine?

3. Is Warren entitled to attorney fees on appeal?

## STANDARD OF REVIEW

■ The standard of review which is to be exercised by an appellate court reviewing the grant or denial of a motion for new trial is well settled. Because the trial court is in a far better position to weigh the persuasiveness of all the evidence and the demeanor, credibility, and testimony of witnesses, this Court has consistently held that the trial court's grant or denial of such motions must be upheld unless the court has manifestly abused the wide discretion vested in it.

*Pratton v. Gage,* 122 Idaho 848, 850, 840 P.2d 392, 394 (1992) (citations omitted).

■ When an exercise of discretion is reviewed on appeal, the Court inquires: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by exercise of reason. *Swallow v. Emergency Medicine of Idaho, P.A.* 138 Idaho 589, 592, 67 P.3d 68, 71 (2003) (citing *State v. Merwin,* 131 Idaho 642, 962 P.2d 1026 (1998); *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

## DISCUSSION

**1. Did the district court err in granting Warren's motion for new trial?**

Sharp contends first that the district court lacked jurisdiction to entertain the motion for new trial, which was untimely filed. The filing of the motion occurred seven days before entry of the judgment and was premature. Sharp also argues that, if the motion is deemed timely, the district court failed to act within its discretion in granting a new trial.

**A. Timing of Motion for New Trial**

Idaho Rule of Civil Procedure 59(b) provides for the timing of a motion for new trial as "[a] motion for a new trial shall be served not later than fourteen (14) days after the entry of the judgment." In this case, the motion for new trial was filed by Warren on October 11, 2001, seven days before entry of the judgment by the district court, but after the jury's September 28, 2001, verdict. Sharp contends that the district court lacked jurisdiction to entertain the motion for new trial, which was not filed in compliance with the Rule. Sharp argues that the district court is divested of jurisdiction to rule on the motion unless the motion is filed following the entry of judgment.

Warren contests Sharp's assertion that a premature motion divests the court of jurisdiction, which has no basis in law. Moreover, Warren maintains that Sharp should not be able to raise the timeliness of the motion for new trial for the first time on appeal.

■ "While ordinarily this Court will not consider issues that were not raised in the trial court, it will address issues raised for the first time on appeal concerning jurisdiction, failure to state a claim upon which relief may be granted, and constitutionality." *Nycum v. Triangle Dairy Co.,* 109 Idaho 858, 862, 712 P.2d 559, 562 (1985). Sharp contends the issue of untimely motions is jurisdictional and thus properly raised on appeal. To support her contention, Sharp cites *Nixon v. Tongren,* 33 Idaho 287, 289, 193 P. 731, 732 (1920), *O'Neil v. Schuckardt,* 116 Idaho 507, 509, 777 P.2d 729, 731 (1989) and *Syth v. Parke,* 121 Idaho 162, 165, 823 P.2d 766, 769

(1991). However, in each of these cases, the motion was filed after the time provided by the rules.

The only case cited by Sharp to discuss the premature filing of a motion for new trial is *Forsman v. Holbrook*, 47 Idaho 241, 274 P. 111 (1929). In *Forsman*, which was decided prior to the adoption of the rules of civil procedure, the relevant statute cited:

> The party intending to move for a new trial must within 10 days after the verdict of the jury, if that action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his motion designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court.

47 Idaho at 244, 274 P. at 111. The Court found that the motion for new trial filed prior to the issuance of the findings of fact and conclusions of law *in a court trial* was premature and "that the trial court was without jurisdiction to entertain the motion for new trial." *Id.* at 246, 274 P. at 112.

■ Unlike in *Forsman*, this case was tried before a jury, which had rendered a verdict prior to the filing of Warren's motion for new trial. *See* 47 Idaho at 246, 274 P. at 112. Had this filing been under the rule in *Forsman*, the motion for new trial would have been timely as it was filed within ten days of the jury's verdict. For purposes of the filing of the motion for new trial in this case, the final judgment was nothing more than a ministerial reflection of the known jury decision. There could be no prejudice accrued by the early filing, both parties knowing the final outcome of the case. We conclude that the language of I.R.C.P. 59(d) only precludes motions filed later than 14 days after judgment from being heard. The district court did not err in ruling on the motion for new trial.

### B. Review of Motion for New Trial

■ This Court reviews the grant of a motion for a new trial based upon I.R.C.P. 59(a)(6) under an abuse of discretion stan-dard. *Sheridan v. St. Lukes Reg'l Med. Ctr.*, 135 Idaho 775, 781, 25 P.3d 88, 94 (2001). The district court properly perceived the grant of the motion for new trial was within its discretion. *See Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). This Court then reviews the district court's actions to determine whether it acted within its boundaries and consistent with the applicable legal standards. *Id.*

■ On review of whether the district court acted within its boundaries and consistent with applicable legal standards in granting a new trial, this Court uses a two-prong test. *Sheridan v. St. Luke's Reg'l Med. Ctr.*, 135 Idaho 775, 781, 25 P.3d 88, 94 (2001). "The first prong directs the trial judge to consider whether the verdict was against the weight of the evidence and if the ends of justice would be served by vacating the verdict. The second prong ... directs the trial court to consider whether a different result would follow in a retrial." *Burggraf v. Chaffin*, 121 Idaho 171, 174, 823 P.2d 775, 778 (1991) (citations omitted). The second prong "requires more than a mere possibility; there must be a probability that a different result would be obtained in a new trial." *Sheridan*, 135 Idaho at 782, 25 P.3d at 95.

■ "The judge does not have unlimited authority to disturb the verdict of a jury. Respect for the function of the jury prevents the granting of a new trial except in unusual circumstances." *Pratton v. Gage*, 122 Idaho 848, 850, 840 P.2d 392, 394 (1992). "The trial judge is not required to view the evidence in a light most favorable to the verdict-winner. Although the mere fact that the evidence is in conflict is not enough to set aside the verdict and grant a new trial, when a motion for a new trial is based on the ground that the verdict is against the weight of the evidence, the judge is free to weigh the conflicting evidence for himself." *Quick v. Crane*, 111 Idaho 759, 763, 727 P.2d 1187, 1195 (1986).

■ Sharp argues that the evidence presented to the district court was insufficient to show that there was a probability that a different result would have been obtained.

Sharp asserts that the district court improperly based its decision upon evidence that was erroneously admitted and evidence that was never admitted, such as her written statement and that of Lewis Rich. Thus, Sharp maintains that it was error for the district court to grant a new trial upon a finding that her testimony and Rich's trial testimony had been impeached by their prior inconsistent statements made to Trooper Harms. Sharp also argues that the district court's decision lacks the required finding that a new trial would lead to a different outcome.

The district court reviewed the evidence, made its own assessment of the credibility of the witnesses, and concluded that the verdict was "not supported by and is contrary to the evidence." The district court then vacated the verdict, finding that "the ends of justice would be served by vacating it." In vacating the verdict, the district court stated:

> The basis for the Court's determination is the witness statements given to Trooper Harms by [Rich] and Sharp impeached their trial testimony in the manner claimed by plaintiff rendering testimony contrary to said statements not believable. The statements to the trooper did not make reference to the accident resulting from the loss of control of the van. A very important consideration is Sharp's admission to Bonnie Warren that Warren appeared to be doing all he could to avoid the accident. The same is true of Sharp's admission in her video deposition that Warren had control of the vehicle and the van did not rotate before passing her vehicle. Rich's testimony about vehicles in prior accidents, and the testimony regarding hazard lights are strong support of plaintiffs theory of the case. All the evidence was much more consistent with the plaintiff's expert than the defendant's expert.

The district court did not address the second prong as to whether a different result would occur in a retrial. In *Quick v. Crane*, 111 Idaho 759, 772, 727 P.2d 1187, 1200 (1986), this Court held "that the trial judge must disclose his reasoning for granting or denying motions for a new trial ... unless those reasons are obvious from the record itself." "Where the reasons are neither obvious nor stated, the appellate court is left to speculate about the trial court's perception of the law and knowledge of the facts." *Id.* (citation omitted). Because the reasons for a new trial are not obvious to this Court and because the district court failed to discuss the second prong, this Court remands the case to the district court for reconsideration of the motion for new trial.

The analysis of the second prong is significant in this case because the jury found there was no negligence on the part of Sharp that was the proximate cause of Glenn Warren's death. In order to find that a different result would occur in a retrial, the district judge must conclude that the jury on retrial would not only find Sharp negligent, but also find that Sharp's negligence exceeded that of Warren.

An argument is made by Sharp that the district court improperly relied upon the written statements she and Lewis Rich had given to Trooper Harms, because the statements were never admitted into evidence. The record reflects that Rich's statement was not admitted into evidence, but an excerpt of Sharp's statement was admitted into evidence. However, as discussed above, this Court is remanding the motion for new trial to the district court for further consideration, so a discussion of the evidentiary basis of the decision is unnecessary.

## 2. Did the district court err in denying Sharp's motion in limine?

Sharp contends that the district court abused its discretion in denying her motion in limine seeking to exclude the expert testimony of William Skelton, Warren's accident reconstruction expert. Sharp argues that Skelton's opinions were not supported by a reliable scientific foundation as required by I.R.E. 702 and were not based on physical evidence. Sharp contends that the expert's testimony was based upon impermissible assumptions and speculations. Sharp argues the district court's ruling allowed jurors to pick and choose which assumption they would rely upon or to just substitute their own common sense. By al-

lowing jurors to pick and chose which expert opinions they accept or discard, Sharp contends the district court abused its discretion.

Warren argues that the district court did not abuse its discretion by denying Sharp's motion in limine. Warren asserts that after hearing the foundation for her expert, the district court must have concluded that Skelton's opinion would be helpful to the trier of fact.

Idaho Rule of Evidence 702 provides in regard to expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The district court has broad discretion in the admission and exclusion of evidence and its decision to admit such evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Howard,* 135 Idaho 727, 731, 24 P.3d 44, 48 (2001). The district court's determination that a witness is qualified as an expert is also a discretionary decision. *West v. Sonke,* 132 Idaho 133, 138, 968 P.2d 228, 233 (1998) (citations omitted).

> The test for determining whether a witness is qualified to render an expert opinion is not rigid. A witness may be qualified as an expert by virtue of his or her "knowledge, skill, experience, training, or education," I.R.E. 702, which is "beyond the competence of the average layman or juror." "Formal training or an advanced degree is not essential to qualify a witness as an expert, but practical experience or special knowledge must be shown to bring a witness within the category of 'expert.' "

*Id.*

The district court recognized that the decision of whether to allow Dr. Skelton's testimony was within its discretion. The district court noted the applicable Idaho rules and cases, relating to the admission of expert testimony. The district court stated "that Dr. Skelton's testimony is based solely on what he assumes the driver of the Volks-

wagon was doing at the time that his [sic] headlights illuminated this vehicle or that he observed any lights on the vehicle as he approached." The district court then held that there was no basis to exclude the testimony of Dr. Skelton.

It is clear from the record that Dr. Skelton is an engineer and has expertise in the area of automobile accident reconstruction. In ruling on the motion in limine, the district court acknowledged that Dr. Skelton's testimony, in part, relied upon assumptions and speculation as to how the accident occurred. However, the district court found that there was a factual basis for the testimony and that "his opinion is in part based upon the reaction and perception time studies, time and distance calculations, and then the fundamental laws of physics with regard to objects at rest and objects in motion." The district court determined that the testimony was not based on junk science. The district court said "the lack of skid marks on the pavement should not preclude a party from attempting to put forward the best evidence that exists in explaining an event like this."

A motion in limine seeks an advance ruling on the admissibility of evidence. *State v. Young,* 136 Idaho 113, 120, 29 P.3d 949, 956 (2001). The motion in limine is based upon an alleged set of facts rather than the actual testimony in order to for the trial court to make its ruling and therefore is not a final order. *Id.* The trial court may reconsider the issue at any time, including when the actual presentation of facts is made. *Id.*

There is nothing in the record to suggest that the district court acted outside the boundaries of its discretion in denying the motion in limine. This Court holds that the district court did not err in denying Sharp's motion in limine.

**3. Did the district court err in admitting the expert testimony?**

Sharp made two foundational objections to the testimony of Dr. Skelton at trial, both of which were overruled by the district court. The first was to Dr. Skelton's opinion as to whether Mr. Warren had control of his vehi-

cle as it approached Sharp's vehicle. The second was an opinion on whether the accident could have been avoided. Sharp cross-examined Dr. Skelton and challenged his conclusions during trial.

■ There is a sufficient foundational basis for Dr. Skelton's first opinion on whether Mr. Warren had control of his vehicle as it approached Sharp's vehicle, and the opinion assisted the trier of fact to understand the evidence. Dr. Skelton based his opinion on factors including, but not limited to, a person's perception and reaction time, the projected speed of Mr. Warren's vehicle, the road conditions, the rotation of a vehicle, steering and braking of a vehicle and the final resting place of Mr. Warren's vehicle.

■ However, as to the second opinion rendered by Dr. Skelton, the district court should have found it to be inadmissible. "The function of the expert is to provide testimony on subjects that are beyond the common sense, experience and education of the average juror. Where the normal experience and qualifications of lay jurors permit them to draw proper conclusions from given facts and circumstances, then expert conclusions or opinions are inadmissible." *Rockefeller v. Grabow*, 136 Idaho 637, 647, 39 P.3d 577, 587 (2001) (citations omitted). Here, the jurors could have determined whether or not they thought that Mr. Warren could have avoided the accident given the facts and expert testimony, including the opinion discussed above, presented at trial. The district court acknowledged that the jury could have made this determination when it stated, "because an expert bases an opinion in part on some sort of a presumption of what a driver does when faced with a hazard, that's not impermissible because the jurors will use their own common sense about the accuracy of that." The opinion rendered by Dr. Skelton as to whether the accident could have been avoided is more suited to a closing argument than expert testimony.

This Court holds that the district court erroneously admitted Dr. Skelton's opinion as to whether the accident could have been avoided by Mr. Warren. In considering the motion for new trial, the district court should also consider that a portion of Dr. Skelton's testimony was improperly before the jury.

**4. Is Warren entitled to attorney fees on appeal?**

■ "A party claiming attorney fees must assert the specific statute, rule, or case authority for its claim." *MDS Investments, L.L.C. v. State*, 138 Idaho 456, 465, 65 P.3d 197, 206 (2003). It is not sufficient to make a generalized request for attorney fees. *Crea v. FMC Corp.*, 135 Idaho 175, 181, 16 P.3d 272, 272 (2000). " '[I]t is incumbent on the moving party to assert the grounds upon which it seeks an award of attorney fees.' " *Id.* (quoting *Bingham v. Montane Resource Assoc.*, 133 Idaho 420, 424, 987 P.2d 1035, 1039 (2000)).

■ Warren requests an award of attorney fees on appeal, citing to *St. Alphonsus Reg'l Med. Ctr. Inc. v. Krueger*, 124 Idaho 501, 511, 861 P.2d 71, 81 (Ct.App.1992) as the basis for such an award. In the *Krueger* case, one of the grounds for the award of attorney fees on appeal was that a term of the promissory note provided for the payment of all costs, including attorney fees on appeal. *Id.* The other ground was that the appeal "merely has presented an invitation to second-guess the trial court on conflicting evidence and to consider issues which were not raised below." *Id.* It is the latter reason upon which Warren bases her claim for fees.

We hold that this appeal presents a cogent challenge to the district court's ruling on the motion for new trial. The appeal does not merely present issues seeking to second-guess the district court on conflicting evidence. Accordingly, this Court denies Warren's request for attorney fees on appeal.

## CONCLUSION

We conclude that Warren's motion for new trial should be remanded for further findings based upon this decision. We affirm the district court's ruling on Sharp's motion in limine. We hold that a portion of Dr. Skelton's expert testimony was inadmissible. No fees are awarded, however costs are awarded as a matter of right to Sharp as the prevailing party.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.