HORTON, J.,
dissenting.
I respectfully dissent. Today the Court has ignored the approach we have traditionally taken to the review of discretionary decisions and usurped the discretionary powers of the trial court. In doing so, I believe that the Court has repeated the error that it committed four years ago in Nield v. Pocatello Health Servs., Inc., 156 Idaho 802, 852, 332 P.3d 714, 764 (2014). Then, I summarized my perception of the Court’s decision as follows:
The majority correctly states and applies our rule that the determination of the admissibility of evidence offered “in support of or in opposition to a motion for summary judgment is a threshold question to be answered before applying the liberal construction and reasonable inferences rule to determine whether the evidence is sufficient to create a genuine issue for trial.” J-U-B Engineers, Inc. v. Sec. Ins. Co. of Hartford, 146 Idaho 311, 314-15, 193 P.3d 858, 861-62 (2008) (citing Gem State Ins. Co. v. Hutchison, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007)). However, although the majority correctly states the standard of review governing this threshold question of the admissibility of evidence, I believe that it has failed to apply that standard in deciding this case.
Id. at 852, 332 P.3d at 764. As it did in Nield, the Court acknowledges that the admissibility of expert testimony is a threshold issue which is reviewed for abuse of discretion. The Court also correctly recites the longstanding three part test that we employ to evaluate whether a trial court has abused its discretion, i.e., whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason. See, e.g. Parks v. Safeco Ins. Co. of Illinois, 160 Idaho 556, 561, 376 P.3d 760, 765 (2016).
The Court’s opinion does not conclude that the district court failed to perceive the question of the admissibility of Dr. Birkenhagen’s testimony as committed to its discretion. The Court does not hold that the district court’s decision fell without the outer boundaries of its discretion. The Court does not identify a failure of the district court to apply the correct legal standards governing its decision. The Court does not suggest that the district court failed to exercise reason in reaching its decision. Instead, the Court has reviewed the facts contained in Dr. Birkenhagen’s affidavit and concluded: “We hold that Dr. Birkenha-gen’s affidavit does establish that he had actual knowledge of the applicable standard of care and that the district court abused its discretion in concluding that the Samples did not lay an adequate foundation to admit his testimony.”
In short, the Court has considered the same facts as did the district court and reached a different conclusion. The practical result is that the Court has employed a de novo standard of review rather than the deferential standard of review that we have traditionally applied. In doing so, the Court has failed to recognize the district court’s “broad discretion” in determining the admissibility of evidence, see, e.g., Warren v. Sharp, 139 Idaho 599, 605, 83 P.3d 773, 779 (2003), overruled on other grounds in Bliz *188 zard v. Lundeby, 166 Idaho 204, 322 P.3d 286 (2014), and has departed from our traditional consideration of the process by which the trial court reached its decision rather than the product of the trial court’s decision-making process. In Quick v. Crane, 111 Idaho 769, 727 P.2d 1187 (1986), this Court explained:
We have long held that the appellate court should not substitute its discretion for that of the trial court. Implicit in this principle is the truism that the appellate court should not simply focus upon the results of a discretionary decision below, but rather upon the process by which the trial court reached its discretionary decision.
Quick v. Crane, 111 Idaho 769, 772, 727 P.2d 1187, 1200 (1986). See also Hudelson v. Delta Int’l Mach. Corp., 142 Idaho 244, 248, 127 P.3d 147, 161 (2006) (“[W]e primarily focus upon the process used by the trial judge in reaching his or her decision, not upon the result of that decision.”).
Further, the Court has departed from usual practice in a second manner. When a tidal court has erred in making a discretionary decision, this Court does not reverse. As Judge Burnett observed, ‘When a judge improperly exercises discretion due to a legal error, the appellate remedy ordinarily is not to usurp the judge’s authority by exercising such discretion ourselves. Rather, it is to remand the case for reconsideration in light of the correct legal standard.” Evans v. Sawtooth Partners, 111 Idaho 381, 387, 723 P.2d 926, 931 (Ct.App. 1986). This Court has likewise held that, “when the discretion exercised by a trial court is affected by an error of law,” this Court’s “role is to note the error made and remand the case for appropriate findings.” Gem State Ins. Co. v. Hutchison, 145 Idaho 10, 15-16, 175 P.3d 172, 177-78 (2007). See also Eby v. State, 148 Idaho 731, 737, 228 P.3d 998, 1004 (2010) (“As this is a matter of discretion for the trial court, we vacate and remand to the trial court rather than reversing. ‘This Court has held that when the discretion exercised by a trial court is affected by an error of law, our role is to note the error made and remand the case for appropriate findings.’ ”) (quoting Gem State Ins. Co., 145 Idaho at 15-16, 175 P.3d at 177-78). Here, the Court has not identified a legal error by the trial court; instead, it has simply reached a different conclusion than did the trial court.
I conclude with a couple of observations. First, I do not think it necessary to explain why I do not believe that the district court abused its discretion. The Court’s failure to explain how the district court decision failed to satisfy our three part standard of review speaks for itself. Second, I do not think it necessary to explain why I think that the district court reached the right conclusion. That is because if I had the authority to decide the admissibility of Dr. Birkenhagen’s testimony as a matter of first impression, I would deem it admissible. However, the limited authority of an appellate judge considering a decision committed to the discretion of the trial court does not allow me to make that decision.
For the foregoing reasons, I respectfully dissent.
Justice EISMANN concurs.