# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43712

LISA A. ELLEFSON, )
)
    Plaintiff-Respondent-Cross Appellant, )    Boise, April 2017 Term
)
v. )
)    2017 Opinion No. 78
)
ASHLEY PALMER, a minor; and )
STEPHEN PALMER, )    Filed: June 30, 2017
)
    Defendant-Appellant- )    Karel A. Lehrman, Clerk
    Cross Respondents.

_____

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

District court order granting new trial, <u>affirmed.</u>

Carey Perkins, LLP, Boise, for appellant. David S. Perkins argued.

Comstock & Bush, Boise, for respondent. David E. Comstock argued.

_____

BURDICK, Chief Justice.

    Ashley Palmer (Palmer) and Stephen Palmer appeal the Ada County district court's order granting Lisa A. Ellefson's motion for a new trial under Idaho Rule of Civil Procedure 59(a)(6).[1] Ellefson was involved in an automobile accident caused by Palmer. A jury found that Ellefson was not injured in the accident. However, the district court determined that the jury verdict of "no injury" was against the clear weight of evidence and granted a new trial subject to an additur in the amount of $50,000. On appeal, Palmer argues that the district court abused its discretion in granting the new trial and in setting additur at $50,000. We affirm.

_____

[1] All citations to I.R.C.P. are to the 2015 rules, which were in effect at the time of the district court's ruling.

1

# I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2012, while stopped in a turning lane on southbound Broadway Avenue at the intersection with Beacon Street, Ellefson's vehicle was rear-ended by a vehicle driven by Palmer. Ellefson's vehicle was pushed into the vehicle in front of it, and that vehicle was pushed into the next. However, Ellefson's airbag did not deploy, and no one complained of any injuries. There was little damage to either Ellefson's or Palmer's vehicles, and the police officer who responded to the accident did not conduct an accident investigation or issue a citation.

On June 4, 2014, Ellefson filed a personal injury action against Palmer. At trial the evidence showed that Ellefson left work early on October 3, 2012, complaining of a headache and nausea. That same day, Ellefson went to see her health care provider at St. Luke's internal medicine group where she was treated by nurse practitioner Tyley Nelson, and later by Dr. Leslie Nona. Based on the symptoms Ellefson reported, Nelson determined that she "most likely" suffered a concussion and ordered a CT scan. The CT scan showed "no acute intracranial process." Ellefson also complained of memory problems, word searching problems, fatigue and sensitivity to light and sound. On October 8, 2012, Nelson discussed Ellefson's status with Dr. Nona, and Dr. Nona referred Ellefson to Elks Rehab Hospital for physical and occupational therapy.

In November 2012, Elks Rehab Hospital referred Ellefson to Dr. Nancy Greenwald and the outpatient brain injury program at Idaho Physical Medicine and Rehabilitation. Dr. Greenwald found that Ellefson had suffered a concussion but that her poor neuropsychological testing "does not fit the injury." In December 2012, Dr. Greenwald referred Ellefson to Leigh Beglinger, PhD, for a neuropsychological evaluation. Dr. Beglinger found that Ellefson was suffering from "cognitive impairments in all domains tested." However, she concluded that Ellefson's cognitive impairments were "not consistent with a concussion and would be more consistent with dementia of moderate severity."

Craig Beaver, PhD, a neuropsychologist, performed a neuropsychological evaluation of Ellefson in October 2013 and testified at trial that Ellefson sustained a mild traumatic brain injury in the car accident. Robert Calhoun, PhD, also a neuropsychologist, performed a neuropsychometric evaluation of Ellefson in February of 2014. Dr. Calhoun testified at trial that Ellefson did not sustain a mild traumatic brain injury in the accident. At the conclusion of the

trial, the jury was given a special verdict form. Question No. 1 on the form read: "Was Plaintiff Lisa Ellefson injured in the collision?" The jury answered "No."

Following the trial, Ellefson moved for j.n.o.v. or, in the alternative, a new trial. The district court denied the motion for j.n.o.v. but granted the motion for new trial. In ruling on the motion for j.n.o.v., the court found that because there was contradicting evidence about whether or not Ellefson had suffered an injury, the jury was "entitled to determine whether Ellefson was credible" and "that there was substantial evidence supporting the jury's verdict." In ruling on the motion for new trial, the court found that the verdict of no injury was against "the clear weight of the evidence" and granted the motion for a new trial under I.R.C.P. 59(a)(6). However, the court excluded the issue of cognitive impairment from the new trial and limited the scope of damages from the date of the accident on October 1, 2012, to January 2013. Palmer timely appealed, and Ellefson timely cross-appealed.

## II. STANDARD OF REVIEW

A trial court's decision to grant or deny a motion for a new trial under Idaho Rule of Civil Procedure 59(a)(6) is reviewed for an abuse of discretion. *Blizzard v. Lundeby*, 156 Idaho 204, 206, 322 P.3d 286, 288 (2014). When reviewing the trial court's discretionary decision to grant a new trial, we consider:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standard applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*E.g.*, *Sheridan v. St. Luke's Reg'l Med. Ctr.*, 135 Idaho 775, 780, 25 P.3d 88, 93 (2001). "Although this Court necessarily must review the evidence, it primarily focuses on the process by which the district court reached its decision, not on the result of the district court's decision." *Karlson v. Harris*, 140 Idaho 561, 568, 97 P.3d 428, 435 (2004).

## III. ANALYSIS

**A. Whether the district court abused its discretion in granting a new trial subject to a $50,000.00 additur.**

1. <u>Whether the district court abused its discretion in granting a new trial under Idaho Rule of Civil Procedure 59(a)(6).</u>

Idaho Rule of Civil Procedure 59(a)(6) provides that a trial court may grant a new trial "to all or any of the parties and on all or part of the issues in an action for any of the following reasons: . . . . (6) Insufficiency of the evidence to justify the verdict or other decision, or that it is

3

against the law." In determining whether a new trial should be granted under Rule 59(a)(6), "the trial judge *must* weigh the evidence and determine (1) whether the verdict is against his or her view of the clear weight of the evidence; and (2) whether a new trial would produce a different result." *Hoffer v. Shappard*, 160 Idaho 868, 877, 380 P.3d 681, 690 (2016) (quoting *Carrillo v. Boise Tire Co.*, 152 Idaho 741, 749, 274 P.3d 1256, 1264 (2012)); *accord, e.g.*, *Blizzard*, 156 Idaho at 207–08, 322 P.3d at 289–90. The trial court is given broad discretion in determining whether to grant a motion for a new trial, and the "trial judge may set aside the verdict even though there is substantial evidence to support it." *Sheridan*, 135 Idaho at 779–80, 25 P.3d at 92–93.

Here, the district court, after noting that the grant of a new trial was within its discretion, determined that the jury's verdict of "no injury" was against the clear weight of the evidence. In doing so, the district court specifically looked to the fact that Nelson, Dr. Nona, Dr. Greenwald, Dr. Beglinger, and Dr. Beaver all concluded that Ellefson sustained a concussion in the accident. The district court also noted "even Dr. Calhoun conceded that Ellefson's referral to the brain injury program was appropriate, given Ellefson's symptoms." Finally, the court noted that there was "no indication that any medical provider has any issue of malingering." Based on these facts, the district court concluded that "the verdict that Ellefson was not injured in the collision is against the clear weight of the evidence" and that "it is more probable than not that a different jury, at a new trial, would answer the same question differently." In doing so, the district court relied on facts in the record and, after weighing that evidence, determined whether, in its view, the verdict was against the clear weight of the evidence and whether a new trial would produce a different result.

Palmer argues that the district court abused its discretion in granting a new trial because the court, in denying Ellefson's motion for j.n.o.v, had previously concluded that there was "substantial evidence" to support the jury's verdict. Specifically, Palmer states:

> Appellant's struggle to understand how the district court could recognize that it was not free to substitute it's [sic] own judgment for that of the jury, finding substantial evidence supporting the jury's verdict in regard [to] the request for JNOV, and then concluded that the jury's decision that Ellefson was not injured was against the clear weight of the evidence, ordering a new trial or additur. Palmer argues that the court abused its discretion in determining that Ellefson was entitled to a new trial or additur.

(citations omitted). However, the standards that are applied when evaluating a motion for j.n.o.v. and a motion for a new trial are expressly different.

Under a motion for j.n.o.v., the trial court is forbidden to "weigh the evidence or pass on the credibility of witnesses and make his own separate findings of fact and compare them to the jury's findings as he would in deciding a motion for a new trial." *Quick v. Crane*, 111 Idaho 759, 763, 727 P.2d 1187, 1191 (1986). Rather, the only issue to be determined under a motion for j.n.o.v. is whether "there is substantial and competent evidence to support the jury's verdict." *O'Shea v. High Mark Dev., LLC*, 153 Idaho 119, 129, 280 P.3d 146, 156 (2012). The trial court "must simply determine whether reasonable minds could have reached the same conclusion as the jury when the evidence and all reasonable inferences that can be drawn therefrom are considered in the light most favorable to the nonmoving party." *Mosell Equities, LLC v. Berryhill & Co., Inc.*, 154 Idaho 269, 275, 297 P.3d 232, 238 (2013). Thus, when evaluating a j.n.o.v. motion, the trial court is forbidden from weighing the evidence and must confine its analysis to whether, as a matter of law, there is sufficient evidence to support the jury's verdict.

This is different from the standard when evaluating a motion for a new trial under Rule 59(a)(6). Under the standard for a motion for a new trial, the trial court "is not required to view the evidence in the light most favorable to the verdict-winner . . . [and] the judge is free to weigh the conflicting evidence for himself." *Quick*, 111 Idaho at 767, 727 P.2d at 1195. Indeed, we have stated that the trial court "*must* weigh the evidence" when evaluating a motion for a new trial. *Carillo*, 152 Idaho at 749, 274 P.3d at 1264. Furthermore, unlike when ruling on a motion for j.n.o.v., when ruling on a motion for a new trial, the trial court is expressly allowed to "set aside the verdict even though there is substantial evidence to support it." *Sheridan*, 135 Idaho at 779–80, 25 P.3d at 92–93.

After reviewing the district court's decision, it is apparent that the district court simply found the fact that Nelson, Dr. Nona, Dr. Greenwald, Dr. Beglinger, and Dr. Beaver all concluded that Ellefson had suffered an injury was more persuasive than Dr. Calhoun's testimony that she did not. Such a weighing of the evidence is squarely within the bounds of discretion granted the trial judge when evaluating a motion for a new trial. *Sheridan*, 135 Idaho at 781, 25 P.3d at 94 (holding that a court's "determination to discount the testimony of the defendant's expert witnesses was a proper exercise of his discretion in weighing the demeanor, credibility and persuasiveness of the evidence" when ruling on a motion for a new trial); *Collins*

*v. Jones*, 131 Idaho 556, 558, 961 P.2d 647, 649 (1998) ("It is the trial court's duty to weigh the evidence and make an assessment of the credibility and weight of that evidence.").[2]

Ultimately, because the district court properly identified the grant of a new trial as within its discretion, properly acted within the bounds of its discretion by weighing the evidence and making the requisite findings to grant a new trial, and did so through the exercise of reason, we affirm the district court's grant of a new trial under Rule 59(a)(6).

2. <u>Whether the district court erred in conditioning the grant of a new trial on a $50,000.00 additur.</u>

Palmer contends that in light of "this minor automobile collision" the district court's grant of an additur in the amount of $50,000.00 was an abuse of discretion. In support of this argument, Palmer points to the district court's single statement regarding the additur: "Pursuant to I.R.C.P. 59.1, the grant of a new trial is conditional and subject to an additur in the amount of $50,000.00." Without an explanation of how the court arrived at the $50,000 figure, Palmer argues the court's grant of additur is "both arbitrary and excessive."

"Orders granting new trials conditioned upon the acceptance or rejection of an additur are appealable as a matter of right . . . ." *Collins*, 131 Idaho at 558, 961 P.2d at 649; *accord* I.A.R. 11(a)(5). "A trial court's grant of additur is reviewed for abuse of discretion." *Crowley v. Critchfield*, 145 Idaho 509, 513, 181 P.3d 435, 439 (2007).

 Palmer offers no authority to support her argument that the additur is arbitrary, excessive, or otherwise an abuse of the district court's discretion. The only authority Palmer cites in support of her argument is *Bumgarner v. Bumgarner*, 124 Idaho 629, 640, 862 P.2d 321, 332 (Ct. App. 1993). However, *Bumgarner*, as Palmer even notes, only stands for the proposition that damages need not be proved with mathematical exactitude. *Bumgarner* says nothing about additur. We therefore decline to address the issue. *AgStar Fin. Servs., ACA v. Nw. Sand & Gravel, Inc.*, 161 Idaho 801, 816, 391 P.3d 1271, 1286 (2017) ("A party waives an issue cited on

---

[2] Palmer also contends the court implicitly found that Ellefson's testimony about her symptoms was credible. This finding, Palmer contends, was in error because the court previously noted that in its view, the jury must have found Ellefson's testimony was not credible and it was improper for the court to substitute its finding on Ellefson's credibility for that of the jury's. This argument misstates what the district court did. The district court's opinion of how a jury could have arrived at a determination is not a finding of fact and does not constitute a "finding of the jury." Here, the jury did not make a finding on Ellefson's credibility. It only found that there was "no injury." The district court did not substitute its finding of credibility for that of the jury's because the jury never made such a finding. Accordingly, Ellefson's argument that the district court substituted its finding of credibility for that of the jury is not supported by the record and will not be further addressed.

appeal if either authority or argument is lacking, not just if both are lacking." (quoting *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 16, 175 P.3d 172, 178 (2007))).

Furthermore, Palmer has not demonstrated that a substantial right has been affected by the district court's grant of additur. The Idaho Rules of Civil Procedure provide that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." I.R.C.P. 61. Consequently, we have held that when an appellant fails to present argument that a substantial right was implicated she waives the issue. *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 18, 278 P.3d 415, 420 (2012) ("[B]ecause [appellant] presents no argument that the error affected a substantial right, [appellant] has waived the issue."). Here, although Palmer argues that the grant of additur in the amount of $50,000 was an abuse of discretion, she offers no argument that the error affected a substantial right. We therefore decline to address the issue for this reason as well. *Hurtado*, 153 Idaho at 18, 278 P.3d at 420; *see also Taylor v. AIA Servs. Corp.*, 151 Idaho 552, 573, 261 P.3d 829, 850 (2011) (holding that even if witnesses were not timely disclosed, appellant had "not demonstrated that he suffered any prejudice," and therefore any error was harmless); *Kuhn v. Coldwell Banker Landmark, Inc.*, 150 Idaho 240, 250, 245 P.3d 992, 1002 (2010) (holding that even if district court's failure to give statute of frauds instruction was error, it was harmless because appellants failed "to demonstrate how the failure to instruct on the statute of frauds affected their substantial rights").

## B. Whether the district court abused its discretion in limiting the scope of the new trial.

Under Idaho Rule of Civil Procedure 59(a) a trial court has the discretion to grant a new trial "on all or part of the issues in an action." I.R.C.P. 59(a); *accord Smith v. Great Basin Grain Co.*, 98 Idaho 266, 276, 561 P.2d 1299, 1309 (1977) ("A determination of the issues to be retried after the granting of a new trial is committed to the discretion of the trial court.").

On cross-appeal, Ellefson argues that the district court erred in limiting the issues in the new trial. Specifically, Ellefson argues that the district court's exclusion of cognitive impairments from the new trial and the associated limitation of economic and non-economic damages was an abuse of discretion because the issue of cognitive impairments and the damages associated with them are so interwoven with her concussion injuries that they cannot be separated without causing unfair prejudice. In support of this argument, Ellefson relies primarily on *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494 (1931).

In *Gasoline Products*, the First Circuit reversed a decision of a trial court due to errors with respect to the measure of damages and granted a new trial. *Id.* at 496. However, the Circuit Court split the issues of liability and damages and limited the new trial to the determination of damages. *Id.* The underlying cause of action was breach of contract, and the U.S. Supreme Court held that because proving the alleged damages required showing elements of liability, including when the contract was entered into, what was required by the contract, whether the non-breaching party failed to mitigate, and when the contract was finalized, the issue of liability was so interwoven with the issue of damages that the issues could not be split "without confusion and uncertainty, which would amount to a denial of a fair trial." *Id.* at 500.

Here, Ellefson's alleged cognitive impairments are not so interwoven with the issue of Ellefson's concussion that the two cannot be separated. Indeed, Dr. Beglinger concluded that Ellefson's cognitive impairments were not consistent with a concussion. And Dr. Greenwald concluded that "[f]rom the concussion aspect, we have found the patient to be recovered without any permanent impairment." Furthermore, unlike in *Gasoline Products*, there does not appear to be any reason why a jury could not determine the appropriate damages for a concussion without consideration of Ellefson's alleged cognitive impairments. While cognitive impairments can be symptoms of a concussion, in this case the jury and the district court found that the evidence shows Ellefson's cognitive impairments were not "consistent with a concussion." There is no reason why Ellefson's claims concerning her concussion and whiplash, including her symptoms of headaches, sensitivity to light and sound, fatigue and soreness cannot be severed from her alleged cognitive impairments, i.e., memory loss, word search problems, and forgetfulness. Ellefson remains free to bring in evidence that would support a finding that she suffered a concussion and argue damages based on her injury. She is simply excluded from arguing that her injury from the accident included cognitive impairments.

Because Ellefson's cognitive impairments are not so interwoven with her concussion that they cannot be split, we affirm the district court's decision to exclude the issue of cognitive impartments from the grant of a new trial. Accordingly we also affirm the district court's decision to limit "medical treatment through January 2013"; damages "for loss of work through the phased return to work beginning January 28, 2013"; and "non-economic damages to January 25, 2013."

8

## IV. CONCLUSION

We affirm the district court's grant of a new trial under Rule 59(a)(6) and the court's decision to exclude the issue of cognitive impairments. We also affirm the district court's grant of additur. Each side to bear its own costs on appeal.

Justices EISMANN, JONES, HORTON and BRODY, **CONCUR.**

9