# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51452

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: December 4, 2024 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| CHRISTOPHER MICHAEL FLYNN, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Devin E. Harris, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Christopher Michael Flynn pled guilty to two counts of burglary, Idaho Code § 18-1401, and one count of possession of a controlled substance, I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. For each of the burglary convictions, the district court imposed a unified sentence of ten years, with five years determinate, and for the possession of a controlled substance conviction, the district court imposed a unified sentence of seven years, with two years determinate. The court ordered that the sentences run consecutively. The district court retained jurisdiction for 365 days. After a jurisdictional review hearing, the district court relinquished jurisdiction and executed the previously suspended sentence. Flynn filed an Idaho Criminal Rule 35 motion requesting the court modify the sentences to be served concurrently

1

rather than consecutively or to grant a period of supervised probation. The district court granted the Rule 35 motion by retaining jurisdiction which would end one year following the date of the original judgment of conviction.[1] The district court later held a second jurisdictional review hearing and placed Flynn on probation. Subsequently, Flynn admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Flynn appealed.

Mindful of *State v. Flores*, 162 Idaho 396, P.3d 1180 (2017), Flynn argues the district court abused its discretion in revoking probation and imposing the original sentence. More specifically, Flynn argues that revocation of his probation was unreasonable because the court disregarded all mitigating evidence when it revoked probation and executed the previously suspended sentence without either reducing the sentences or having them run concurrently instead of consecutively. Flynn claims the district court did not recognize or adequately consider the mitigating evidence at the probation disposition hearing, and that "this case shows this practice of ignoring mitigation was not a one-off event, but part of a larger pattern of disregarding mitigating evidence."

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial

---

[1]     The district court lacked the jurisdiction to place Flynn on a second period of retained jurisdiction after the court relinquished jurisdiction, *State v. Flores*, 162 Idaho 396, P.3d 1180 (2017), but that is not at issue in this appeal.

court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

The district court did not err in revoking probation. Flynn admitted to violating the terms of probation in two different written admissions. Flynn was inconsistent in his reports of his ongoing drug use while on probation, including using heroin and fentanyl. Flynn also incorrectly claimed he had never received substance abuse treatment when he had been provided treatment in an unrelated case from Tennessee, but he absconded from that treatment. In this case, Flynn received several notices of rule violations while in jail. While on the first period of retained jurisdiction, Idaho Department of Correction staff noted that Flynn "consistently had problems with following the rules of NICI." Idaho Department of Correction staff noted that the difficulty in following IDOC rules while in custody indicated that Flynn would have a difficult time following the rules of probation. While Flynn did better on the second rider, once he was again released on probation, he again used methamphetamine. Thus, in applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Flynn's previously suspended sentences. Therefore, the order revoking probation and directing execution of Flynn's previously suspended sentences is affirmed.